696 P.2d 718

**The STATE of Arizona, Appellant,**

v.

**Guy M. THERIAULT, Appellee.**

**No. 2 CA–CR 3518.**

Court of Appeals of Arizona,
Division 2.

Dec. 28, 1984.

Robert K. Corbin, Atty. Gen., Frederick S. Dean, Tucson City Atty. by Susan Agrillo, Tucson, for appellant.

Michael B. Grayson, Tucson, for appellee.

OPINION

BIRDSALL, Chief Judge.

On April 26, 1983, appellee was stopped by Tucson police, having been observed

making repeated lane changes and having been paced at 65 m.p.h. in a 40 m.p.h. zone. When appellee got out of his vehicle, the officer noted he had difficulty steadying himself, and detected a strong odor of intoxicants on his breath. The officer put him through a series of field sobriety tests, to which appellee consented, to determine whether appellee's driving ability was impaired. When appellee performed poorly on these tests, he was arrested and taken to the station for an intoxilyzer test, which indicated a reading of .13 percent. Appellee was cited for speeding, crossing a lane divider, and driving while under the influence.

Appellee moved in city court to suppress introduction of the results of several of the field sobriety tests, and following a hearing, his motion was granted. The state appealed this to superior court, which affirmed the suppression of all but the heel-to-toe test, which it ruled could be admitted. The state does not contest the suppression of defendant's opinion of his level of intoxication. It does, on this appeal, contest the suppression of the written alphabet and numbers field sobriety tests.

Appellee contends that suppression of the written alphabet and numbers field sobriety tests is correct in that appellee's rights were violated by the failure to advise him of his *Miranda* rights before he consented to performing the tests. Appellee asserts that his performance on the tests amounted to self-incrimination, that he was essentially in custody and the tests amounted to statements in response to interrogation, and that his custodial detention status was confirmed by the testimony of the arresting officer that at some point prior to the completion of the tests he had formed the decision to arrest appellee, without communicating this decision to him. Appellee asserts that at that moment he was entitled to *Miranda* warnings and failure to give them should result in suppression of results following that point. We do not agree.

█ The great majority of jurisdictions have held that field sobriety tests do not involve testimonial or communicative evidence. For that reason it is held in those cases that the Fifth Amendment is not violated by their use. See *Commonwealth v. Brennan*, 386 Mass. 772, 438 N.E.2d 60 (1982), and *People v. Ramirez*, 199 Colo. 367, 609 P.2d 616 (1980). *Ramirez*, at 609 P.2d 620, n. 8, cites cases in the following jurisdictions which have held that roadside sobriety tests do not fall under provisions of the Fifth Amendment: California, Connecticut, Delaware, Illinois, Indiana, Iowa, Kansas, Montana, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee and Washington. The authority upon which these cases rely, *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), accepts as correct cases holding fingerprinting, photographing, measurements, writing, voice identification, appearing in court, standing, walking or making gestures admissible. *Schmerber*, supra. Evidence which is testimonial or communicative is that which reveals the subjective knowledge or thought processes of the subject. *Brennan*, 438 N.E.2d at 64. Field sobriety tests do not involve either.

In view of this holding we need not address the other issue presented by the appellant. The results of the tests are admissible. We remand to Tucson City Court for proceedings consistent with this opinion.

Reversed and remanded.

HOWARD and HATHAWAY, JJ., concur.