744 P.2d 673

Larry E. HIVELEY, Petitioner,

v.

SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA; Honorable Rudolph J. Gerber, a Judge thereof; Municipal Court of the City of Phoenix, State of Arizona; Honorable Elizabeth R. Finn, a Judge thereof, Respondents,

and

State of Arizona, by Roderick G. McDougall, City Attorney for the City of Phoenix, Real Party in Interest.

No. CV 87-0215-SA.

Supreme Court of Arizona, En Banc.

Sept. 24, 1987.

Reconsideration Denied Nov. 17, 1987.

Mallin & Brown by Robert H. Mallin, Phoenix, for petitioner.

Roderick G. McDougall, Phoenix City Atty. by Aaron J. Carreon-Ainsa, Asst. City Pros., Phoenix, for real party in interest.

CAMERON, Justice.

I.

This is a special action from an order of the Superior Court of Maricopa County affirming defendant's conviction in the Phoenix Municipal Court for driving under the influence of intoxicating liquor, A.R.S. § 28-692(A), and driving with a blood alcohol content of 0.10 percent or greater, A.R.S. § 28-692(B). We have jurisdiction pursuant to Ariz.Const. Art. 6, § 5(3), and Ariz.R.Sp.Act. 8, 17A A.R.S.

## II.

We must answer only one question: should defendant's statements made after invoking his right to counsel have been suppressed in his criminal DWI trial?

## III.

On 3 December 1985, defendant was arrested for driving while under the influence of intoxicating liquor. He was transported to the Union Hills police station, where he was told of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After being given his *Miranda* warnings, defendant responded, "Yep, I want an attorney." The police officer then read him portions of the state's implied consent law. A.R.S. § 28–691. The police officer advised defendant that the implied consent law did not allow him access to an attorney before taking a breath test. Defendant answered the officer's questions and submitted to a chemical breath test.

In the Phoenix Municipal Court, defendant moved for dismissal of the action or, in the alternative, for suppression of his statements made after requesting counsel. At the hearing on the motions, defendant stated that he was confused when police told him that "I was entitled to a lawyer and then he turns around and reads me another deal that said that I'm not entitled to an attorney."

The city court denied the motion to dismiss stating that neither *State v. Holland,* 147 Ariz. 453, 711 P.2d 592 (1985), nor *McNutt v. Superior Court,* 133 Ariz. 7, 648 P.2d 122 (1982), was applicable to the instant situation. The facts support the court's decision because access to an attorney could not have been made without unnecessary interruption of the ongoing investigation. The city court granted, however, the motion to suppress defendant's statements made after asserting his right to counsel. *Miranda, supra.*

Defendant was found guilty of violating A.R.S. § 28–692(A), (B) and was given the mandatory minimum sentence. On appeal, the superior court affirmed the conviction and sentence. Defendant brought a special action to this court which was granted because the issue is one of statewide importance requiring a response from this court.

## IV.

Arizona Revised Statutes, tit. 28, ch. 6, art. 5, provides civil and criminal penalties for a person who drives while intoxicated. A.R.S. § 28–691(A) states that anyone who operates a motor vehicle within the state gives consent to a chemical breath test to determine if the driver is under the influence of intoxicating liquor. A.R.S. § 28–691(D) states that if the driver refuses to submit to the test, he shall have his license suspended for twelve months. A.R.S. § 28–692.01 orders criminal penalties for a person convicted of driving under the influence of intoxicating liquor, A.R.S. § 28–692(A), or driving with a blood alcohol content of 0.10 percent or more, A.R.S. § 28–692(B). A person who violates A.R.S. § 28–692 is guilty either of a class 1 misdemeanor or a class 5 felony, depending upon the number of previous convictions for driving while intoxicated.

In most instances, the police bring a criminal action and a civil action against an intoxicated driver at the same time. Ordinarily, after stopping a driver suspected of intoxication, the police officer conducts field sobriety tests. Based upon a driver's performance of these tests and the police officer's observation of the driver, the officer may request the driver to submit to a chemical breath test. If a driver refuses, he faces the civil penalty of losing his driver's license for twelve months. If a driver submits, his blood alcohol content, can be used as evidence against him in a criminal prosecution for driving while intoxicated. Whether he refuses or submits, his performance on the field sobriety tests can be used as evidence in the criminal prosecution.

Based on the officer's observation of a driver's erratic driving and inability to perform the sobriety test, a driver is placed under arrest before being requested to take the chemical breath test. *See* A.R.S. § 28–691(B). In such instances, the arrest-

**574**

ed driver is entitled to notice of his right to counsel pursuant to *Miranda.* As we have stated:

> It is the opinion of this court that *Miranda* is not applicable to the routine traffic offense where the driver is detained no longer than is necessary to make out the citation and have it signed pursuant to A.R.S. § 28–1054. However, *Miranda* warnings must be given when the officer determines that the provisions of A.R.S. § 28–1053 come into play or an arrest for a misdemeanor or felony is to be made. At this time the person is being "deprived of his freedom of action in [a] significant way."

*Campbell v. Superior Court,* 106 Ariz. 542, 552, 479 P.2d 685, 695 (1971).

▇▇ In the instant case, once the defendant exercised his right to counsel, the police should not have continued questioning the accused contrary to *Miranda, supra.* In addition to the right to consult with an attorney so long as such consultation does not unnecessarily interfere with an ongoing investigation, *see Kunzler v. Pima County Superior Court,* 154 Ariz. 568, 744 P.2d 669 (1987); *McNutt, supra; Holland, supra,* an accused in a criminal DWI case has the right to remain silent. The officers were required to refrain from further questioning of the defendant.

### V.

The city court was correct in suppressing the statements made after the defendant exercised his right to counsel.

Relief denied.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.