763 P.2d 996

**The STATE of Arizona, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA; the Honorable William Sherrill, Judge of the Superior Court, Division XVIII, Respondents,**

**and**

**Joseph MATTHEWS, Real Party in Interest.**

**No. 2 CA–SA 88–0112.**

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 13, 1988.

Redesignated as Opinion and Publication Ordered Nov. 2, 1988.

Stephen D. Neely, Pima County Atty. by Hy David Rubenstein, Tucson, for petitioner.

Sidney F. Wolitzky, Tucson, for real party in interest.

**OPINION**

LIVERMORE, Presiding Judge.

This special action is taken from the trial court's order suppressing the results of an

intoxilyzer test. The petitioner's remedy by appeal is inadequate due to a possible violation of the 150–day time limit of *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986). We therefore assume special action jurisdiction, and because we believe the trial court abused its discretion in suppressing the test results, we grant relief.

The facts stipulated to by the real party in interest are as follows. On June 12, 1988, at 12:18 a.m., officers of the South Tucson Department of Public Safety found the real party in interest passed out behind the wheel of his truck. He was asked out of his truck and given his *Miranda* warnings at 12:20 a.m. The real party in interest indicated that he understood his rights and was willing to answer questions. He was given three field sobriety tests, arrested, and taken to the South Tucson DPS station. At 1:06 a.m., an officer began the 20–minute observation period required by A.R.S. § 28–692.03(A)(3). The real party in interest was read the implied consent law from a Department of Transportation DUI affidavit form. The test was performed at 1:31 a.m. and showed that the real party in interest had a .187 percent blood alcohol content. He was booked into the Pima County Jail for felony DUI. At no time during the entire episode did he request that he be allowed to make any telephone calls or to contact an attorney.

In his memorandum, the real party in interest maintains that it is immaterial whether or not he actually requested an attorney, and he argues that the sole issue below was whether he had been clearly advised that he had a right to counsel prior to taking the intoxilyzer test. After receiving his *Miranda* rights which informed him that he had a right to counsel, the real party in interest was advised further with the following statement on the DUI affidavit:

> Arizona law requires you to submit and successfully complete a test to determine the alcohol or drug content of your blood. If you refuse to submit or do not successfully complete a test, your Arizona driver's license will be suspended for twelve (12) months. You are therefore required to submit to a test....

> These rights which you were previously advised, that is, the right to remain silent or to speak with an attorney, have an attorney present during questioning or to have one appointed for you, apply only to the criminal charge for which you were arrested—and not to the civil requirement that you take this test.

The court, in its July 26, 1988, minute entry stated:

> THE COURT FINDS that the DUI Affidavit is confusing. It would appear that the defendant has no right to consult with an attorney before taking the test.

The real party in interest argues that, while the language of the affidavit may comply with the *Kunzler* decisions of the supreme court, *Kunzler v. Pima County Superior Court,* 154 Ariz. 568, 744 P.2d 669 (1987), and *Kunzler v. Miller,* 154 Ariz. 570, 744 P.2d 671 (1987), the language is confusing and makes it impossible for a defendant to knowingly exercise his right to counsel.[1]

 The information given in the affidavit complies with case law. A person is not entitled to the assistance of counsel in deciding whether or not to submit to a breathalyzer test. *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971). *Campbell* was not a criminal case but, rather, involved the civil revocation of a license for failure to take the breath test. Since *Campbell,* the supreme court has ruled that in criminal cases, if there is no disruption of a continuing investigation, a defendant has the right to consult with an attorney. *McNutt v. Superior Court,* 133 Ariz. 7, 648 P.2d 122 (1982). In *Kunzler v. Pima County Superior Court, supra,* the court remanded the case for a determination whether the exercise of the defendant's right to counsel would have hindered the investigative process.[2]

---

1. We note that the real party in interest never alleges that he himself was confused.

2. In *Kunzler,* the defendant requested an opportunity to speak to his attorney after being read his *Miranda* warnings and continued to request

■ The real party in interest maintains that his due process rights were violated because the explanation of his rights was not accomplished within a certain degree of clarity, even though it may have complied with *Campbell, McNutt,* and *Kunzler.* He claims that while given his *Miranda* rights "with one hand" they are "taken away with the other" under the language of the DUI affidavit. He further maintains that that is what makes the affidavit "essentially confusing and why the court below found it so." However, in *Hiveley v. Superior Court,* 154 Ariz. 572, 744 P.2d 673 (1987), the identical argument was made, and the supreme court did not note any due process problem.[3]

Because we believe the real party in interest was properly informed regarding his right to counsel, and because in this case the question whether the exercise of that right would have impeded an ongoing investigation is not before us, we vacate the order of the trial court suppressing the results of the intoxilyzer and we remand the case for further proceedings.

HATHAWAY and HOWARD, JJ., concur.

---

that he be allowed to call an attorney during the almost one-hour period required for the intoxilyzer unit to "warm up."

**3.** In *Hiveley,* the defendant testified at a hearing that he was confused when police told him that "I was entitled to a lawyer and then he turns around and reads me another deal that said that I'm not entitled to an attorney." 154 Ariz. at 573, 744 P.2d at 674.