788 P.2d 119

**Pedro G. SAENZ, Petitioner,**

v.

**The Honorable Lina S. RODRIGUEZ, a Judge for The Superior Court of the State of Arizona, County of Pima, Respondent,**

and

**The STATE of Arizona, Real Party in Interest.**

No. 2 CA-SA 89-0140.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 7, 1989.

Review Denied March 27, 1990.

Susan A. Kettlewell, Pima County Public Defender by Blaine S. Gaub, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Jill E. Thorpe, Tucson, for respondent.

OPINION

HOWARD, Judge.

This special action requires us to revisit the issue of advising a DUI arrestee of his right to counsel and our prior decision in *State v. Superior Court (Matthews)*, 158 Ariz. 500, 763 P.2d 996 (App.1988).

Petitioner was arrested on September 30, 1988, for driving under the influence, in violation of A.R.S. § 28–692(A), and it is apparently undisputed that he was given his *Miranda* warning. At the end of a 20–minute observation period, he was advised as follows:

> Arizona law requires you to submit to and successfully complete a test to determine the alcohol or drug content of your blood. If you refuse to submit or do not successfully complete a test, your Arizona driver license/permit or nonresident driving privilege will be suspended for twelve (12) months. You are, therefore, required to submit to a test.
>
> If the results of the test indicate your blood alcohol content is .10 or above, your Arizona driver license or permit or nonresident driving privilege will be suspended for ninety (90) consecutive days. Those rights of which you were previously advised, that is: the right to remain silent or to speak with an attorney, have

an attorney present during questioning or to have one appointed for you, apply only to the criminal charge for which you were arrested—and not to the civil requirement that you take this test.

Petitioner took the test, often referred to as an intoxilyzer or breathalyzer, and was subsequently charged with driving with a blood alcohol content of .10 or more, in violation of A.R.S. § 28–692(B). At no time during these proceedings did petitioner request an opportunity to call an attorney.

Petitioner filed a motion to dismiss and a motion to suppress the intoxilyzer results, arguing that he was erroneously advised that he did not have the right to consult with an attorney before taking the test, and relying on the supreme court's decisions in *Kunzler v. Superior Court*, 154 Ariz. 568, 744 P.2d 669 (1987), and *State v. Juarez*, 161 Ariz. 76, 775 P.2d 1140 (1989). The trial court denied the motion, ruling as follows:

> The Court, having read the above motions and the cases cited, believes that it is bound by *State v. Matthews* ... wherein the facts and the advisory read to the defendant is identical to that read to Mr. Saenz herein. The Court notes that in Matthews, Superior Court Judge William Sherrill noted that the advisory was confusing. This Court could not agree more. In reading the advisory, this Court is of the opinion that, on the one hand the Police are advising the defendant of his right to an attorney, and then on the other, immediately advising him that he does not have the right to an attorney. The advisory, in this Court's opinion, does not clearly indicate that there is no right to an attorney in the limited context of the Civil Proceeding involving the suspension of the license for 12 months. The advisory, on the contrary, appears to simply say that no attorney is provided to advise on the taking of the breathalyzer test.
>
> Nonetheless, the Court of Appeals has made its ruling on the identical facts herein. Furthermore, the Court is not clear that *State v. Juarez* ... impliedly overrules *Matthews*. Absent an actual opinion overruling *Matthews*, this Court

feels that it is bound by *Matthews* and must, therefore, deny the defendant's motion to suppress/dismiss.

As the trial court noted, *Matthews* involved similar facts and the same DUI affidavit. In *Matthews*, we held that "[t]he information given in the affidavit complies with case law." 158 Ariz. at 501, 763 P.2d at 997. We rejected Matthews' claim that his due process rights were violated by the allegedly confusing language of the affidavit, relying on the supreme court's opinion in *Hiveley v. Superior Court*, 154 Ariz. 572, 744 P.2d 673 (1987). Matthews did not seek review of our decision by the supreme court.

*State v. Juarez, supra,* was decided after our decision in *Matthews*. In *Juarez*, following the defendants' arrests on DUI charges, each was advised concerning the mandatory breath test as set forth in the first paragraph quoted above. The advice then continued:

> Unless you expressly agree to take the test, I will consider you are refusing. *You will not be allowed to call an attorney before deciding if you will take this test.* However, after you take the test, you may then telephone an attorney or friend if you choose.
>
> If you decide not to take the test, you will still be allowed to telephone an attorney, but your refusal will still result in suspension of your license or permit to drive for twelve months.

161 Ariz. at 78, 775 P.2d 1142 (emphasis in original). The supreme court held:

> Informing the driver that he may not call his attorney before taking the test misstates the law and violates the driver's right to counsel under the sixth amendment of the United States Constitution and article 2, section 24 of the Arizona Constitution. Because this is a basic constitutional right, the burden is upon the state to show that a phone call would in fact be disruptive of an ongoing investigation. Evidence obtained in violation of this procedure should be suppressed.

161 Ariz. at 81, 775 P.2d at 1145.

Admittedly, the advice given in *Juarez* differs from that given in *Matthews* and in

388

the instant case. However, the issue presented in *Matthews* must be revisited because the basis for that decision does not withstand scrutiny. As noted above, we rejected Matthews' claim of a due process violation based on *Hiveley v. Superior Court, supra.* Careful analysis of the *Hiveley* opinion indicates, however, that the basis of the court's decision to affirm the trial court's denial of the motion to dismiss was not that the advice given to the arrestee was not confusing, but rather that "access to an attorney could not have been made without unnecessary interruption of the ongoing investigation." 154 Ariz. at 573, 744 P.2d at 674. *See Kunzler v. Superior Court, supra.* Thus, we must determine whether the advice given to petitioner misstated the law and violated his right to counsel.

We agree with the trial court that the advisory given to petitioner was, at best, confusing. Petitioner was first advised that he had a right to speak to an attorney. Prior to the breath test, however, he was further advised that this right would "apply only to the criminal charge for which [he was] arrested—and not to the civil requirement that [he] take this test." While such advice may accurately summarize the legal principles involved, it can only have the practical effect of telling the arrestee that he may not consult with an attorney prior to taking the breath test. This is clearly contrary to *State v. Juarez.* The state's arguments that *Juarez* and *Kunzler* were incorrectly decided are best addressed to the supreme court.

The state has presented no evidence that to have permitted petitioner to telephone his attorney would have hindered the ongoing investigation. *Kunzler, supra.* We therefore vacate the order of the trial court and remand with directions to grant petitioner's motion to suppress.

ROLL, P.J., and HATHAWAY, J., concur.