802 P.2d 1058

**John Hubert TAYLOR, Petitioner,**

**v.**

**The Honorable William SHERRILL, Judge of the Superior Court of the State of Arizona, County of Pima, Respondent.**

**and**

**The STATE of Arizona, Real Party in Interest.**

**Nos. 2 CA–SA 90–0135, 2 CA–CR 90–0399–PR.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 25, 1990.

Petition for Review Granted in part and Denied in part Jan. 15, 1991.

Susan A. Kettlewell, Pima County Public Defender by Peter J. Eckerstrom, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Thomas J. Zawada, Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

The State of Arizona has filed a petition for review of the order of the trial court granting defendant John Hubert Taylor's petition for post conviction relief under Rule 32, Ariz.R.Crim.Proc., 17 A.R.S. A new trial was set and Taylor filed a motion to dismiss various charges, relying upon the United States Supreme Court opinion in *Grady v. Corbin*, 495 U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Taylor seeks special action relief from the trial court's denial of that motion. The petition for review and the special action have been consolidated. For the reasons stated below, the petition for review is denied. Because Taylor has no equally plain, speedy and adequate remedy by appeal and because we find that the trial court abused its discretion, we accept jurisdiction of Taylor's petition for special action and grant relief. Rules 1 and 3, Ariz.R.P.Spec.Ac., 17B A.R.S.

## FACTS AND PROCEDURAL BACKGROUND

On July 18, 1988, Taylor turned left in front of an oncoming vehicle. As a result

of the subsequent collision, the passenger and driver of the other car were injured. Taylor was cited for an unsafe turn, in violation of A.R.S. § 28–754; speeding, in violation of A.R.S. § 28–701; failure to provide proof of insurance, in violation of A.R.S. § 28–1253; providing false information to the police, in violation of A.R.S. § 13–2907.01; driving on a suspended license, in violation of A.R.S. § 28–473; driving while under the influence of alcohol (DUI), in violation of A.R.S. § 28–692(A); and driving with a blood alcohol level of above .10 percent, in violation of A.R.S. § 28–692(B).

On October 12, 1988, a default judgment was entered against Taylor in Tucson City Court on the unsafe turn and speeding charges as a result of his failure to appear at his pretrial conference. The DUI charges were dismissed in November 1988 and referred to the Pima County Attorney's Office for felony prosecution.

On November 9, 1988, Taylor was indicted on numerous felony charges arising out of the July 1988 incident. On August 17, 1989, following a jury trial, he was convicted of two counts of aggravated assault, class 3 dangerous nature felonies, one count of theft over $1,000, a class 3 felony, two counts of criminal damage less than $1,500, class 6 felonies, DUI and DUI with a blood alcohol level of above .10 percent, and driving on a suspended license. On October 5, Taylor was sentenced to five years' imprisonment on the theft charge, 7.5 years for both aggravated assault charges, to be served consecutively to the theft charge, 1.5 years for both criminal damage charges, to be served concurrently, with time served on three remaining misdemeanors. In March 1990, Taylor filed a petition for post conviction relief under Rule 32, Ariz.R.Crim.Proc., 17 A.R.S., based upon a significant change in the law. Specifically, Taylor argued that the trial court erroneously denied his motion to suppress the results of a breathalyzer test, in violation of *State v. Juarez*, 161 Ariz. 76, 775 P.2d 1140 (1989), and this court's decision in *Saenz v. Rodriguez*, 163 Ariz. 386, 788 P.2d 119 (App.1989). In *Saenz*, this court overruled its prior decision in *State v.*

*Superior Court* (Matthews), 158 Ariz. 500, 763 P.2d 996 (App.1988) in light of *Juarez*. The state had relied on *Matthews* in support of its contention that the breathalyzer test did not need to be suppressed. On April 18, 1990, the trial court granted the petition for post conviction relief based upon *Juarez* and *Saenz*, finding that it could not say that the verdict would have been the same had evidence been excluded. The case was set for a new trial. The state's motion for rehearing was denied and this petition for review followed.

Taylor then filed a motion to dismiss with prejudice the two counts of aggravated assault and two counts of criminal damage based upon *Grady v. Corbin*, supra. The motion was denied on August 16, 1990, and this special action followed.

## PETITION FOR REVIEW

■ The language in the police advisory given to Taylor regarding the right to counsel before submitting to a breathalyzer test was rejected in *Saenz* because it had the practical effect of advising the defendant that he could not consult counsel, in violation of *Juarez*. The state argues, however, that Taylor had no factual support for his Rule 32 petition, as he was not confused by and understood the warning that he was given, adding that Taylor did not even ask for an attorney. The state claims that Taylor did not, therefore, establish a prima facie case that the breathalyzer results should be suppressed, in violation of Rule 16.2(b), Ariz.R.Crim.Proc., 17 A.R.S., and did not meet the burden set forth in Rule 16.1. Additionally, the state criticizes this court's finding in *Saenz* that *Matthews* was incorrectly decided because the state in *Matthews* had not presented evidence that permitting the defendant to contact his attorney would have hindered an ongoing investigation; the state argues that it should not have to present such evidence where, as here, the arrestee did not request counsel. The state also argues that the police officer acted in good faith reliance on the law in existence at the time. The state claims that *Saenz* should not be applied retroactively, relying upon *State v.*

**362**

*Garcia,* 152 Ariz. 245, 731 P.2d 610 (App. 1986).

Whether Taylor was confused or not by the affidavit is irrelevant as are the other issues the state raises. In *Juarez,* the supreme court stated:

> Informing the driver that he may not call his attorney before taking the test misstates the law and violates the driver's right to counsel under the sixth amendment of the United States Constitution and art. 2, section 24 of the Arizona Constitution.

161 Ariz. at 81, 775 P.2d at 1145. *Juarez* does not require that the defendant establish prejudice. Indeed, in *Juarez* the incorrect affidavit resulted in reversible error per se. *Saenz* is in accord with *Juarez,* recognizing that the affidavit in that case was at best confusing; it did not require that the defendant establish actual confusion. The state's contention that *Saenz* merely clarifies *Matthews* is belied by the opinion itself. *Saenz* explicitly overruled *Matthews* based upon *Juarez.*

■ *Juarez* was based upon constitutional principles and was a significant change in the law as contemplated by Rule 32.1(g). We reject the state's argument that *Saenz* should not be applied "retroactively" to this case. The motion to suppress was denied based upon *Matthews,* although *Juarez* had been decided. The advisory given here was contrary to *Juarez* as elucidated in *Saenz.* We see no reason why, under these circumstances, *Saenz,* which was a significant change in that it overruled *Matthews,* should not be applied to this case, just as the court in *Saenz* reversed the denial of the motion to suppress in light of *Juarez,* even though *Matthews* had not been expressly overruled by *Juarez.*

Taylor points out that a new trial was warranted on all counts because the state failed to present evidence of intoxication other than the breathalyzer results, relying on the presumptions raised by A.R.S. § 28-692(E). Additionally, Taylor claims that the breathalyzer results which should have been suppressed constituted the evidence of recklessness for purposes of fail-

ure to yield to the oncoming vehicle and were the basis for the aggravated assault and criminal damage charges. The state does not dispute these contentions. Under these circumstances, we cannot say that the trial court erred in summarily granting Taylor's Rule 32 petition. The state's petition for review is therefore denied.

## DENIAL OF THE MOTION TO DISMISS

■ The issue raised by Taylor's special action is whether the civil traffic default judgments for unsafe turn and speeding placed him in jeopardy and preclude subsequent prosecution on the aggravated assault and criminal damage charges. We believe they do.

In *Grady v. Corbin,* supra, the United States Supreme Court held that:

> [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant had already been prosecuted.... The critical inquiry is what conduct the State will prove....

495 U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. The defendant in *Grady* had been involved in an automobile accident which resulted in the death of a passenger in an oncoming vehicle. He was cited for the misdemeanor of driving while under the influence of alcohol and failing to keep his vehicle right of the median, the latter a non-criminal offense under New York law. He was subsequently charged with manslaughter. Before the trial on the manslaughter charge the defendant was found guilty in justice court of the two traffic violations. The Supreme Court held that evidence that the defendant was intoxicated and that he crossed the center line could not be used against him in the manslaughter trial.

The state cites *State v. Walker,* 159 Ariz. 506, 768 P.2d 668 (App.1989), for the proposition that traffic charges, which are civil in nature must be distinguished from criminal charges. The penalties for violating

those charges, the state argues, are civil in nature—liquidated damages intended to reimburse the state for the cost of any such infraction. The state claims that the fine for an unsafe turn and speeding cannot exceed $250 under A.R.S. § 28–1076, an indication that it is a fine that is remedial in nature as opposed to one designed to punish a lawbreaker.

First, we disagree with the reasoning in *Walker* as applied to this case. We do not believe that the penalties which may be assessed for speeding or an unsafe lane change are truly only remedial in nature. Second, *Walker* was decided before *Grady* and *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and must be examined in light of those cases.

In *Grady*, jeopardy was held to attach to a "civil" traffic violation under the New York Code. That charge, crossing the center line, is hardly distinguishable from charges of unsafe turning or even speeding. In *Halper*, the Supreme Court considered whether a fine imposed for the submission of false claims to Blue Cross/Blue Shield could be characterized as civil in nature. Rejecting the notion that the determination of whether a proceeding is criminal or civil is merely a matter of statutory construction, the court noted that the "character of the actual sanctions imposed on an individual by the machinery of the state" are what must be focused upon. 490 U.S. at 447–448, 109 S.Ct. at 1901, 104 L.Ed.2d at 501. The court held:

> In making this assessment, the labels "criminal" and "civil" are not of paramount importance. It is commonly understood that civil proceedings may advance punitive as well as remedial goals, and, conversely, that both punitive and remedial goals may be served by criminal penalties. The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law, and for the purposes of assessing whether a given sanction constitutes multiple punishment barred by the Double Jeopardy Clause, we must follow the notion where it leads.... To

that end, the determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment.

*Id.* (Citations omitted). Those goals include retribution and deterrence. The sanctions that flow from violating the speeding and unsafe turning laws are clearly intended to deter the offender and other drivers from committing such infractions and to promote retribution. Indeed, if a driver accumulates a certain number of infractions the driver can lose his or her license, a consequence that can hardly be characterized as remedial. Additionally, the penalty for any violation of a "civil" traffic offense is referred to as a sanction, A.R.S. § 28–1076(B), and although it may not exceed $250, there is nothing in the statute indicating that the amount imposed is to be determined by the actual damage to the state. Indeed, the court is obligated to "levy penalty assessments pursuant to § 41–2403" in addition to imposing a sanction. A.R.S. § 28–1076(E).

We also reject the state's argument that neither *Grady* nor the double jeopardy principle are applicable because the parties in the city court and supreme court proceedings are not the same, the former being prosecuted by the city attorney and the latter by the county attorney. The parties clearly are the same; the state and Taylor are plaintiff and defendant in both. "[T]he state and all its offices must be considered a single entity" in this context. *State v. Tucker*, 133 Ariz. 304, 308, 651 P.2d 359, 363 (1982).

■ The state's argument that *Grady* should not be applied "retroactively" to this case is also rejected. Unquestionably, *Grady* is a "new rule for the conduct of criminal prosecutions" and because Taylor's case is not final, it is applicable, even assuming that *Grady* is a "clear break"

with the past. *Griffith v. Kentucky*, 479 U.S. 314, 327–328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, 661 (1987).

The inquiry remains however, whether under *Grady* the facts giving rise to the charges of unsafe turning and speeding are elements of the aggravated assault and criminal damage charges. Taylor argues that the state will be unable to convict him of either of these charges without using the evidence that must be precluded under *Grady*. Taylor claims that causation is an essential element of either of these two crimes. Under A.R.S. § 13–1203(A), "[a] person commits assault by … intentionally, knowingly, or recklessly causing any physical injury to another person…." See also A.R.S. § 13–1204 (defining aggravated assault). Similarly, to support a conviction of criminal damage under A.R.S. § 13–1602(A)(1) or (B)(3), the state must establish that Taylor recklessly caused the damage. Based upon the necessary elements of these crimes, we conclude that the state may not present evidence of either an unsafe turn or that Taylor was traveling at an excessive rate of speed in the trial for aggravated assault and criminal damage. The trial court abused its discretion in concluding that, based on *Walker*, double jeopardy did not attach and in denying Taylor's alternate request for relief, the preclusion of evidence of the unsafe left turn and speeding.

We note that our result in this case is distinguishable from our recent decision in *Lewis v. State of Arizona*, 166 Ariz. 354, 358–359, 802 P.2d 1053, 1057–1058 (App. 1990) (Roll, J., dissenting). In *Lewis* we found that the dismissal of certain charges pursuant to a plea agreement was not a "prosecution" for purposes of the constitutional protection against double jeopardy under *Grady*. We cited *State v. Boudreaux*, 402 So.2d 629, 632 (La.1981) for the proposition that where the defendant had not been "convicted and punished … [h]e was not forced to 'run the gauntlet' on that charge." However, a conviction or judgment of guilt of a traffic violation is treated the same whether rendered following an admission of responsibility, a trial on the merits, or default. See A.R.S.

§ 28–444(D). If a person fails to appear on a traffic complaint, "… allegations in the complaint shall be deemed admitted and the court shall enter judgment for this state…." A.R.S. § 28–1076(D).

CONCLUSION

The state's petition for review is denied. Taylor's petition for special action relief is granted and this matter is remanded for further proceedings consistent with this opinion.

FERNANDEZ, C.J., and ROLL, P.J., concur.