819 P.2d 1000

**The STATE of Arizona ex rel. Frederick S. DEAN, City Attorney for the City of Tucson, Petitioner,**

**v.**

**The Honorable Howard HANTMAN, a Judge Pro Tem for the Superior Court of the State of Arizona, County of Pima, Respondent.**

**and**

**David ROOT, Real Party in Interest.**

**No. 2 CA–SA 91–0047.**

Court of Appeals of Arizona, Division 2, Department B.

May 16, 1991.

As Corrected May 29 and June 21, 1991.

Review Denied Dec. 3, 1991.

Frederick S. Dean, Tucson City Atty. by R. William Call, Tucson, for petitioner.

Charles P. Davies, Tucson City Public Defender by Frances T. Lynch, Tucson, for real party in interest.

OPINION

FERNANDEZ, Chief Judge.

This special action presents yet another question regarding the application of the Supreme Court's decision in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109

L.Ed.2d 548 (1990).[1] In this case, the issue is whether the double jeopardy clause precludes the use of evidence, in a criminal trial for driving under the influence of alcohol (DUI), of conduct that was the basis of a civil traffic citation upon which a default judgment was entered and a fine was paid. This is a matter of statewide importance involving legal as opposed to factual issues. Therefore, we accept jurisdiction. *University of Arizona Health Sciences Center v. Superior Court*, 136 Ariz. 579, 667 P.2d 1294 (1983). For the reasons stated below, we grant relief.

## FACTS AND PROCEDURAL BACKGROUND

Real party in interest David Root was arrested and cited for DUI under A.R.S. § 28–692(A)(1) and (2), criminal offenses, and for unsafe movement on a roadway under A.R.S. § 28–754, a civil violation. The appearance on the civil citation and the arraignment on the DUI charges were set for September 19, 1990. Root failed to appear, and a default judgment was entered on the civil citation. Petitioner State of Arizona filed a motion to dismiss that charge on November 7, but before the court signed the order granting the motion, Root paid a fine pursuant to Rule 11, Civ. Traf. Violation R.P., 17B A.R.S. On November 19, the day after the court granted the motion to dismiss the civil charge, Root filed a motion to dismiss the remaining DUI charges based on double jeopardy. The magistrate denied the motion but ordered that the state was precluded from presenting in the DUI trial any evidence of Root's conduct that was the basis of the unsafe movement citation. The state sought special action relief from the respondent superior court, which was denied. This special action followed.

## DOUBLE JEOPARDY

■ The double jeopardy clause "protects against a second prosecution for the same offense after acquittal[,] . . . a second prosecution for the same offense after conviction[,] . . . [a]nd . . . multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969). In *Grady v. Corbin, supra*, the Supreme Court held that to determine whether a subsequent prosecution is barred, a court must first apply the test articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In addition, the Court ruled that the "Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

The defendant in *Grady* had been in an automobile accident that resulted in the death of the driver of the other car. He was cited for DUI, a criminal charge, and failing to keep his car to the right of the median, a civil offense. The defendant pled guilty to the traffic citations and was sentenced to a fine and license revocation. He was subsequently charged with homicide and assault, which he moved to dismiss on double jeopardy grounds. The Court held that the subsequent prosecution was barred because the bill of particulars showed that the state was relying on the conduct of driving while intoxicated and failing to keep right of the median to establish the essential elements of the homicide and assault offenses. If that had not been the case and the state had intended to use other conduct to prove the offenses, the subsequent prosecution would not have been barred. Additionally, the Court noted that "[w]ith adequate preparation and foresight, the State could have prosecuted Corbin . . . in a single proceeding, thereby avoiding this double jeopardy question." 495 U.S. at 524, 110 S.Ct. at 2095, 109 L.Ed.2d at 566.

---

1. Recent cases that involve *Grady* issues include *State v. Nunez*, 167 Ariz. 272, 806 P.2d 861 (1991); *State v. Nichols*, 169 Ariz. 409, 819 P.2d 995 (App.1991); *Mullet v. Miller*, 168 Ariz. 594, 816 P.2d 251 (App.1991); *Taylor v. Sherrill*, 166 Ariz. 359, 802 P.2d 1058 (App.1990); *Lewis v. Warner*, 166 Ariz. 354, 802 P.2d 1053 (App.1990).

**416**

In *Taylor v. Sherrill*, 166 Ariz. 359, 802 P.2d 1058 (App.1990), we held that a default judgment for civil traffic charges of unsafe turning and speeding placed the defendant in jeopardy, thereby precluding the state from either prosecuting the defendant for aggravated assault and criminal damage or from using evidence of the civil violations in a trial on the criminal charges. The defendant in *Taylor* was initially cited for unsafe turn, speeding, failure to provide proof of insurance, providing false information to the police, driving on a suspended license, and DUI under former A.R.S. § 28–692(A) and (B). After the default judgment was entered against him on the unsafe turning and speeding charges, the DUI charges were dismissed. Thereafter, he was indicted and convicted of aggravated assault, criminal damage, the two DUI charges, and driving on a suspended license. He was granted a new trial following post-conviction proceedings under Rule 32, Ariz.R.Crim.P., 17 A.R.S., and he then filed a motion to dismiss the aggravated assault and criminal damage charges based on *Grady*.

In granting special action relief, this court found that the fact that the traffic violations were civil in nature did not mean that jeopardy did not attach, noting that in *Grady* one of the violations that placed the defendant in jeopardy was a civil traffic charge. In addition, we recognized that the sanctions for those violations were intended to punish under the analysis of *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). As a result, we held that the trial court abused its discretion in concluding that jeopardy did not attach and in denying Taylor's alternative request that evidence of the unsafe turn and speeding be precluded from the trial on aggravated assault and criminal damage.

This case is distinguishable from both *Taylor* and *Grady*. Both cases involved subsequent prosecutions; here, it appears that the state heeded the warning in *Grady* and prosecuted all charges in one proceeding. Root does not dispute the state's claim that the citations were issued at the same time, that the matters were set for initial appearance at the same time, and that one docket number was used for all three citations, all factors reflecting that the state was prosecuting the citations in one proceeding. Therefore, we believe that this case is similar to *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

There, the defendant was indicted for grand theft, aggravated robbery, involuntary manslaughter, and murder. At his arraignment the defendant pled guilty to the lesser-included offenses of grand theft and involuntary manslaughter. The trial court then granted the defendant's motion to dismiss the remaining, more serious charges based on double jeopardy. The ruling was sustained on appeal. In reversing, the Supreme Court rejected the argument that the defendant would be subjected to multiple prosecutions and stated as follows:

> The grand jury returned a single indictment, and all four charges were embraced within a single prosecution. Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded.

467 U.S. at 501, 104 S.Ct. at 2541–42, 81 L.Ed.2d at 434.

■ Although this case does not involve an actual multicount criminal indictment, it is similar to *Johnson*. Although Root, unlike Johnson, did not plead guilty to the civil charge, because he failed to appear, the allegations in the complaint were deemed admitted, and the magistrate was required to enter a judgment against him. A.R.S. § 28–1076(D). Root paid the fine, thereby resolving only one of the charges against him, as was the case in *Johnson*. We note also that unsafe movement on the roadway is not a lesser-included offense of DUI, as grand theft and manslaughter are lesser-included offenses of aggravated robbery and murder. Thus, there is even less

danger of violating Root's double jeopardy rights than was true in *Johnson.* Root will neither be punished nor prosecuted twice for the same conduct.

We conclude that because all matters were pursued in one prosecution, there is no jeopardy problem in this case. Therefore, there was no reason to preclude the state from using the conduct of unsafe movement on the roadway in the DUI trial. If we were to hold otherwise, we would be permitting Root and others in similar situations "to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Johnson,* 467 U.S. at 502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435.

The superior court's order affirming the order of the city court is reversed, and this matter is remanded for further proceedings consistent with this decision.

HOWARD, P.J., and JAMES C. CARRUTH, J.,* concur.