908 P.2d 44

**STATE of Arizona, Appellant,**

v.

**Marilyn LEE, Appellee.**

**No. 1 CA–CR 94–0459.**

Court of Appeals of Arizona,
Division One, Department A.

Nov. 28, 1995.

Melvin R. Bowers, Jr., Navajo County Attorney by Steven D. Blaine, Deputy County Attorney, David A. Brown, Deputy County Attorney, Holbrook, for Appellant.

Navajo County Alternate Defender by Clifford I. Levenson, Deputy Alternate Defender, Holbrook, for Appellee.

## OPINION

GARBARINO, Judge.

The State appeals the trial court's order suppressing the results of field sobriety tests and evidence of the refusal by Marilyn Lee (defendant) to take an intoxilyzer test. According to the State, the arresting officer was not required to give post-arrest *Miranda*[1] warnings to defendant prior to requesting that she perform field sobriety tests or prior to requesting that she submit to an intoxilyzer test. We affirm the trial court's suppression of any post-arrest statements. However, we decline to address the admissibility of defendant's pre-arrest statements because that issue was neither argued to nor decided by the trial court. Finally, because we find that field sobriety and intoxilyzer tests are nontestimonial in nature, we vacate the trial court's order suppressing evidence of the field sobriety tests and the refusal to take the intoxilyzer test.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

### FACTS AND PROCEDURAL HISTORY

Officer Gerald Scott Van Winkle of the Snowflake–Taylor Police Department responded to an accident call and found an injured man lying in the road receiving aid from a paramedic. The officer assisted the paramedic until more help arrived. An unoccupied truck was parked in the middle of the road, and the officer asked who had been driving. Defendant, the injured man's wife, told Officer Van Winkle she was the driver, and he asked her to move the truck to the side of the road and wait for him.

When the officer interviewed defendant at the accident scene, he smelled a strong odor of intoxicating beverage on her person and breath. Officer Van Winkle asked defendant for her driver's license but she stated that she had left it at home. The officer then requested a computer check on the status of defendant's driving privileges. While awaiting a response, he asked defendant several questions, and she admitted driving the truck, arguing with her husband, consuming three beers, and knowing that she should not have been driving. After several minutes, the dispatcher reported that defendant's license was suspended. Defendant was arrested for driving on a suspended license, transported to the police station, and placed in a holding cell.

At the station, the officer asked defendant to submit to field sobriety tests. She first stated that she did not think she could pass; however, she agreed to try to take the tests when he asked again later. Using forms produced by the Arizona Department of Public Safety, Officer Van Winkle administered the tests but failed to read the *Miranda* warnings that were printed at the bottom of the test forms. After the last of five tests, the officer made the determination to arrest defendant for driving under the influence. The officer then asked defendant to submit to an intoxilyzer test, warning her of the civil penalties if she refused; defendant did refuse. Officer Van Winkle never gave *Miranda* warnings to defendant.

The State charged defendant with two counts of aggravated driving, both class 4 felonies. Defendant moved for suppression of evidence and, following a hearing on that motion, the trial court issued a minute entry stating in part:

> After being placed under arrest, by Officer Van Winkle and transported to the Police Station, defendant made statements and performed certain tests (Field Sobriety Tests). The Officer never gave the defendant any "Miranda" warnings prior to the statements and/or tests, nor at any time. Further, it does not appear that the police investigation would have been impeded by a telephone call to counsel. IT IS THEREFORE ORDERED: All statements made by defendant are suppressed; All test results are suppressed; and the State may not comment upon the defendant's refusal to take the breathalizer [sic] test.

The State filed a timely notice of appeal.

### DISCUSSION

The State contends that the officer was not required to give *Miranda* warnings to defendant prior to requesting that she submit to field sobriety and intoxilyzer tests. Initially, we acknowledge that an accused is always entitled to counsel, if requested, for custodial interrogation. The issue before us is whether the police had an affirmative duty to give *Miranda* warnings to defendant prior to requesting that she submit to the field sobriety and intoxilyzer tests. We hold that no such duty existed.

#### I. *Statements*

Although both parties discuss the propriety of the admission of the pre-arrest statements, that issue is not properly before us. Defendant never requested suppression of her pre-arrest statements; her motion dealt only with her post-arrest statements and test results. Because defendant never objected to the admission of the pre-arrest statements and because the trial court never addressed pre-arrest statements, we do not reach the merits of that issue. *See State v. Brita*, 158 Ariz. 121, 124, 761 P.2d 1025, 1028 (1988).

It is clear from the trial court's minute entry and from the issues framed for it to address, that the court's ruling pertained

only to statements made after defendant's arrest. We agree that any testimonial post-arrest statements should be suppressed.

## II. *Field Sobriety Tests*

"The Self–Incrimination Clause of the Fifth Amendment provides that no 'person ... shall be compelled in any criminal case to be a witness against himself.'" *Pennsylvania v. Muniz*, 496 U.S. 582, 588, 110 S.Ct. 2638, 2643, 110 L.Ed.2d 528 (1990) (footnote omitted). "[T]he privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature...." *Schmerber v. California*, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908 (1966). Testimonial or communicative evidence "reveals the subjective knowledge or thought processes of the subject." *State v. Theriault*, 144 Ariz. 166, 167, 696 P.2d 718, 719 (App.1984).

However, an accused is not protected from being compelled to produce "real or physical evidence." *Schmerber*, 384 U.S. at 764, 86 S.Ct. at 1832. "[B]oth federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture." *Id.* at 764, 86 S.Ct. at 1832.

The United States Supreme Court considered "the 'testimonial' and 'compulsion' components of the privilege against self-incrimination in the context of pretrial questioning." *Muniz*, 496 U.S. at 590, 110 S.Ct. at 2644. In *Muniz*, the defendant was arrested and transported to a booking center where, while videotaped, he was questioned, performed three sobriety tests, and was requested to submit to a breathalyzer test. *Id.* at 585–86, 110 S.Ct. at 2642. Only at the end of this process, upon the defendant's refusal to submit to the breathalyzer, was he advised for the first time of his *Miranda* rights. *Id.* at 586, 110 S.Ct. at 2642.

The state court in *Muniz* refused to suppress evidence of his sobriety tests because the evidence was physical rather than testimonial. *Id.* at 602, 110 S.Ct. at 2650. Al-though the defendant did not challenge that ruling, the United States Supreme Court noted that many other state courts were in accord with that conclusion. *Id.* at 603 n. 16, 110 S.Ct. at 2651 n. 16. The Court's holdings in *Muniz* included that the defendant's verbal statements that were both testimonial and in response to *custodial interrogation* should have been suppressed. *Id.* at 590, 110 S.Ct. at 2644. However, the Court found "that any slurring of speech and other evidence of lack of muscular coordination revealed by Muniz's responses to Officer Hosterman's direct questions constitute[d] nontestimonial components of those responses." *Id.* at 592, 110 S.Ct. at 2645.

This Court has previously held that field sobriety tests do not violate the Fifth Amendment because they are not testimonial or communicative. *Theriault*, 144 Ariz. at 167, 696 P.2d at 719. We realize that in *Theriault* the field sobriety tests were administered prior to the defendant's arrest. However, the nontestimonial nature of a test does not change merely because a defendant is arrested. Thus, we conclude that field sobriety tests are nontestimonial in nature and therefore *Miranda* warnings are not required prior to administering the tests.

## III. *Intoxilyzer*

Our analysis of field sobriety tests is equally applicable to the intoxilyzer test. "*Miranda* is not applicable to evidence obtained from a breathalyzer test since *Miranda* is 'bottomed on the privilege against self-incrimination and bars the use of communications by or testimonial utterances of a person unless and until the four-fold warning has been given and applied. A breathalyzer test is unrelated to a communication by the subject.'" *Campbell v. Superior Court*, 106 Ariz. 542, 552 n. 8, 479 P.2d 685, 695 n. 8 (1971) (quoting *State v. Kenderski*, 99 N.J.Super. 224, 239 A.2d 249, 251 (App.Div. 1968)).

In *State v. Juarez*, 161 Ariz. 76, 80, 775 P.2d 1140, 1144 (1989), our supreme court found that *Campbell* was not applicable to a criminal matter. However, *Juarez* did not address the court's prior determination that

a breathalyzer test was nontestimonial. We do not believe that the civil or criminal nature of a proceeding affects the testimonial nature of evidence.

Moreover, "refusal to take a chemical breath test is not testimonial evidence but physical evidence only and therefore admissible at a criminal trial for DUI." *State v. Superior Ct. (Ahrens)*, 154 Ariz. 574, 578, 744 P.2d 675, 679 (1987); *see also State v. Thornton*, 172 Ariz. 449, 452, 837 P.2d 1184, 1187 (App.1992). "Because the evidence is nontestimonial, no statement in connection with the refusal being in issue, no warning, such as required by [*Miranda*] is necessary." *State v. Superior Ct. (Gilliland)*, 149 Ariz. 601, 603, 721 P.2d 149, 151 (App.1986); *see also Muniz*, 496 U.S. at 604–05, 110 S.Ct. at 2652. In *Muniz*, the Court found that the absence of *Miranda* warnings did not require suppression of statements because the officer limited her role to providing relevant information about the test and questioned the defendant only regarding whether he understood her instructions and wished to take the test. 496 U.S. at 605, 110 S.Ct. at 2652. The Court noted that these inquiries were " 'attendant to' the legitimate police procedure and were not likely to be perceived as calling for any incriminating response." *Id.* (quoting *South Dakota v. Neville*, 459 U.S. 553, 564 n. 15, 103 S.Ct. 916, 922 n. 15, 74 L.Ed.2d 748 (1983)) (citation omitted).

Accordingly, we hold that *Miranda* warnings were not required prior to requesting that defendant submit to the intoxilyzer test. Further, evidence of defendant's refusal to submit to the intoxilyzer test. Further, evidence of defendant's refusal to submit to the intoxilyzer test is admissible.

## IV. *Right to Counsel*

Defendant argues that immediately upon being arrested, defendants must be told of their right to counsel and that a failure to do so results in violation of the Sixth Amendment and the Arizona Constitution.

■ We agree that defendants must be advised of their right to counsel prior to custodial interrogation. *See Miranda*, 384

U.S. at 444–45, 86 S.Ct. at 1612. We also agree that after arrest, defendants must be taken before a magistrate "without unnecessary delay" for an initial appearance, at which time they will be informed of their right to counsel. *See* Ariz.R.Crim. P. 4. Further, we agree that if there is no interruption of a continuing investigation, defendants may exercise their right to counsel prior to taking a chemical breath test. *Juarez*, 161 Ariz. at 81, 775 P.2d at 1145 ("[i]nforming the driver that he may not call his attorney before taking the test" violates the driver's right to counsel under the Sixth Amendment). Lastly, we agree that a defendant's request to speak with an attorney must generally be granted. *See id.* at 79, 775 P.2d at 1143.

■ Here, absent a request for counsel, absent the administration of a chemical breath test, and absent police interrogation, defendant seeks to suppress evidence of the results of the field sobriety tests and her refusal to take the intoxilyzer based solely on the fact she was not advised of her right to counsel. We decline to impose an affirmative duty on the State, under these circumstances, to advise defendants of their right to counsel.

Defendant cites *Kunzler v. Superior Court*, 154 Ariz. 568, 744 P.2d 669 (1987), *Hiveley v. Superior Ct.*, 154 Ariz. 572, 744 P.2d 673 (1987), *Juarez*, 161 Ariz. 76, 775 P.2d 1140, and *Saenz v. Rodriguez*, 163 Ariz. 386, 788 P.2d 119 (App.1989), in support of the trial court's suppression order. Each of those cases is premised upon the denial of the defendant's request for an attorney or confusion as to the right to have counsel present. In this case, defendant neither requested an attorney nor was misled as to the right to consult with an attorney. Further, none of the cited cases establishes an affirmative duty on the State to inform defendants of their right to counsel.

## CONCLUSION

For the foregoing reasons, the trial court's order suppressing defendant's testimonial post-arrest statements is affirmed. However, the trial court's order suppressing the test results and directing that the State not

comment upon defendant's refusal to take the intoxilyzer test is vacated. This matter is remanded for proceedings consistent with this opinion.

FIDEL, P.J., and WEISBERG, J., concur.