OPINION OF THE COURT
Allan L. Winick, J.
Defendant moves to dismiss the indictment claiming a denial of a speedy trial under CPL 30.30 (1) and 30.20 (1).
An agreed statement of the facts has been submitted by both sides in lieu of a hearing.
This application presents a novel question of law apparently never dealt with by our courts, arising from an application by the People pursuant to CPL 170.20 (2) for an adjournment in the District Court to afford the District Attorney an opportunity to present the case to the Grand Jury for indictment.
FACTS
A felony complaint in this case, charging defendant with driving while intoxicated, was filed in the local criminal court, the District Court of Nassau County, on May 6,1983. A number of adjournments were granted at the defendant’s request.
On June 17,1983, a prosecutor’s information was filed and the defendant was arraigned on July 1,1983. At defendant’s request *242 the case was adjourned to July 22,1983 and then to August 18, 1983 for defendant to make motions. On August 18, 1983 the People requested time to respond and the case was put over to September 12, 1983.
On September 12, 1983, not having decided the motion, the court adjourned the case to a Conference Part for September 27, 1983.
At the conference, looking toward disposition, the case was adjourned to October 19, 1983 and marked “Final for Trial.”
On October 19,1983 the People answered “ready” and the case was marked “Ready and Passed” and put over to November 28, 1983 in Part VII.
On that day it was once again adjourned for “conference” in Part VII to December 1, 1983 and then again to December 8, 1983 to fix a trial date if there was no disposition, which date was ultimately fixed by the court as December 12, 1983.
On December 9, 1983, late in the afternoon, the prosecutor told the defendant’s counsel that if the defendant did not plead to the charge, the case would be presented to the Grand Jury.
On December 12,1983, the District Court granted the People’s motion for an adjournment pursuant to CPL 170.20, to enable them to present the case to the Grand Jury, putting the case over to December 14, 1983.
On December 14, 1983 the defendant was indicted by the Grand Jury for driving while intoxicated as a felony, the charge presently pending before this court.
The defendant was arraigned on the indictment on December 27,1983 and the People announced their readiness to proceed on that day.
CONCLUSIONS
The felony complaint herein was the first accusatory instrument filed and that took place on May 6,1983. This is the base date used for calculating periods of time in this case. (People v Lomax, 50 NY2d 351.)
The People announced their readiness to proceed on the indictment on December 27, 1983.
On the face of it, more than six months have passed between the time the People announced their readiness to proceed on the indictment and the filing of the first accusatory instrument and the defendant is entitled to have the indictment dismissed.
However, the People contend (1) that they were ready for trial on a jurisdictionally proper accusatory instrument within the *243 period of time specified in CPL 30.30 (obviously referring to the prosecutor’s information, not the indictment) and (2) that they were ready for trial on the indictment within the statutory period after deducting excludable time allowed by CPL 30.30.
If the People’s contention (2) is correct, then there is no need to consider contention (1) and whether being “ready” on a now terminated prosecution (see, CPL 170.20 [2] [a]) can be considered in determining whether the People were “ready” with respect to the indictment.
In the examination of the People’s second contention, there are two segments which must be considered — one, whether any periods of time are excludable with respect to the proceeding pending before the District Court and, second, whether these exclusions can be piggy-backed onto the indictment case.
It is apparent that anything involving excludable time that occurred in the District Court was applicable to the misdemeanor information filed by the prosecutor and not the indictment pending before this court.
Nevertheless, for the purpose of calculating time pursuant to CPL 30.30 (1) the filing of the felony complaint on May 6,1983 is the significant starting date with respect to the indictment. (People v Lomax, supra.)
There was no prosecutable case until the prosecutor’s information was filed, but that event has no significance in the commencement of CPL 30.30 (1) time.
When the indictment was returned the District Court lost jurisdiction (CPL 170.20 [2] [a], [b]).
In this court the indictment provided a prosecutable instrument, when none existed previously.
No matter what took place in the District Court before the indictment was found, the People could not have been ready for trial of the indictment until there was an indictment and in this case the indictment did not come into existence until December 14,1983 and the People did not answer “ready” until December 27, 1983, some seven and one-half months later. In Lomax (supra, p 356), the court states: “Under the carefully structured definitional provisions of the Criminal Procedure Law, ‘[a] criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed’ (CPL 1.20, subd 17; see 100.05). As we interpret this language, there can be only one criminal action for each set of criminal charges *244 brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action. This is so even in cases such as this, where the original accusatory instrument was dismissed outright and the defendant was subsequently haled into court under an entirely new indictment. Indeed, the notion that the continuity of a criminal action remains intact, even through the issuance of successive indictments, is supported by the provisions of CPL 210.20 (subd 4), which permits the District Attorney to seek a new indictment after the first indictment has been dismissed, but only upon the direction of the trial court (cf. CPL 190.75, subd 3).”
In this case, the starting point for the speedy trial analysis must be May 6, 1983, the date the felony complaint was filed (People v Lomax, supra). The People answered ready some seven and one-half months later. Although CPL 30.30 states that the People must be ready for trial within six months (People v Brothers, 50 NY2d 413), there are periods of time that are statutorily excluded. Pending before this court is a felony indictment although the People initially were to try this case as a misdemeanor. The court finds, for speedy trial purposes, that the initial date for computation purposes relates back to the filing of the felony complaint. Any intervening readiness, as the People answered to the prosecutor’s information, is vitiated by the subsequent indictment which is now presently before the court. The People could not have been ready on the indictment until, of course, one has been found. (See, People v Lomax, supra; People v Stephens, 113 Misc 2d 1006.) There is no question that the People could move pursuant to CPL 170.20 to present the case to a Grand Jury. However, the People do so at their own peril. They must be cognizant of CPL 30.30 if an indictment is later found.
The court takes note of the opposite side of the coin, that is, what would the result be if the People failed to answer “ready” to the misdemeanor charge presented by a prosecutor’s information within the 90-day period, then obtained a superceding indictment and answered “ready” within the six-month period?
That problem need not be decided in this case.
The court has examined the stipulated set of facts. All adjournments were at the request of the defendant or direction of the court, except the following periods:
1. August 18 to September 12, 1983 — case adjourned at request of the People to respond to defendant’s omnibus motion. However, the defendant is charged with 6 days (if the motion *245 was personally served) or 11 days (if the motion was served by mail) due to short service of notice of motion on the part of the defendant.
2. September 13 to September 27, 1983 — court rendered its decisions on September 13 and next court date was September 21, 1983.
3. December 12 to December 27,1983 — the People request an adjournment to present the case to the Grand Jury and it was not until December 27, Í983 when the defendant was arraigned on the indictment that the People answered “ready for trial.”
The period of time that could be charged to the People is anywhere from 43 to 48 days. This is well short of the six-month period within which the People must be ready for trial. Therefore, defendant’s contention that this case must be dismissed because he was not afforded a speedy trial pursuant to CPL 30.30 is without merit.
We next consider defendant’s contention that he was denied his constitutional right to a speedy trial, codified in CPL 30.20. In the case of People v Watts (57 NY2d 299, 302), the Court of Appeals discusses the factors to consider to determine if the defendant was denied his constitutional right to a speedy trial. “This court has set forth five factors for evaluating a defendant’s constitutional speedy trial claim: (1) the extent of the delay; (2) the reason(s) for the delay; (3) the nature of the underlying charge; (4) whether there has been an extended period of pretrial incarceration; and (5) whether the defense may have been impaired by reason of the delay (see People v Taranovich, 37 NY2d 442, 445; see, also, People v Perez, 42 NY2d 971; People v Staley, supra; People v Imbesi, 38 NY2d 629; People v Johnson, supra).”
Upon examining the five factors listed in Watts, the court finds that the defendant’s constitutional rights under CPL 30.20 were not violated. The period of time from the inception of this matter to the time the People were ready on the indictment was not a long period of time, approximately seven and one-half months. The defendant has not been incarcerated during this period, nor has defendant set forth any evidence of prejudice to him caused by the delay, nor impairment of his defense. If anything, the prejudice falls to the People, as witnesses’ memories fade with time. As a matter of fact, most of the seven and one-half month delay is chargeable to the defendant.
In addition, the People have a statutory right pursuant to CPL 170.20 to present this case to the Grand Jury. Defendant’s contention that there was an unconstitutional deprivation of *246 rights because he was forced to either accept a plea to the charge or the People would seek an indictment is without merit. This statement allegedly made by the People at that time was certainly not unreasonable. Every day, in the felony screening stage of a case, the People make similar statements and have every right to do so. That is the whole basis of plea bargaining. The defendant has the option of either accepting a plea to the offered charge or going to trial. The People, at this juncture, may present the case to the Grand Jury in order to secure ah indictment to the charge indicated in the felony complaint or a higher degree crime if the evidence so warrants.
Therefore, the court finds that the constitutional rights of the defendant have not been violated in any respect and he was not denied a speedy trial pursuant to CPL 30.20*
The motion is denied.

 This determination shall not be construed either as an approval or disapproval of the District Attorney’s course of procedure in this case.