■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DAIL, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered April 6, 1983, convicting him of burglary in the third degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At approximately 6:00 P.M. on February 6, 1982, Hyon Sung Mun was working in a retail grocery and dairy store located in Uniondale, New York. Mun testified that he saw someone enter the store office, without authorization, and that about five minutes later he saw a man, whom he identified as the defendant, emerge from the office. When asked to account for his presence, defendant attempted to run and a struggle ensued. During the course of the struggle, as defendant was trying to reach the store exit, a bag fell from his person, and paper currency, coins, food stamps and checks spilled onto the floor. A store manager subsequently discovered that the store's cash, canceled checks and food stamps were missing from the office. The value of the items which had fallen from the defendant was determined to be $270.70.

Defendant contends on appeal that he was prejudiced by certain testimony which indicated that he was present on the store premises, with several other people, prior to the incident. The court sustained defendant's objection to this testimony and took prompt curative action. Thus, any prejudice to the defendant which might have arisen was alleviated, and in any event, defendant failed to make an immediate application seeking further or more complete instructions, and may not now assert the inadequacy of such instructions as error on appeal (*People v Santiago,* 52 NY2d 865, 866; *People v Sorgente,* 90 AD2d 559, 560).

Furthermore the record provides a reliable basis for application of the common-law rule that the exclusive possession of the fruits of a recent crime, if unexplained, permits an inference of guilt (*People v Leotta,* 104 AD2d 828; *People v Sim,* 53 AD2d 992, 993, *affd* 44 NY2d 758). The court's jury charge in this regard was proper.

We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.