■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REX WATSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered December 19, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant failed to register specific objections to the instances of alleged improper marshaling of the evidence and to the introduction of rebuttal testimony as collateral in nature and, therefore, no questions of law with respect thereto are preserved for our review (CPL 470.05 [2]; *cf. People v Jones,* 81 AD2d 22).

It is further contended by the defendant that the introduction of certain alleged hearsay testimony deprived him of a fair trial. The trial court, however, sustained the defendant's

objections to this testimony and took curative action. As the defendant failed to make an immediate application seeking further or more complete instructions, he may not now assert the inadequacy of such instructions as error on appeal *(see, People v Santiago,* 52 NY2d 865, 866; *People v Dail,* 112 AD2d 442).* In any event, the curative action obviated any possible prejudice to the defendant.

We find no merit to the contention that the trial court improperly modified its *Sandoval* ruling so as to permit cross-examination into the underlying facts of certain of the defendant's prior convictions and reject the contention that the defendant was prejudiced when the prosecutor, without eliciting the criminal acts underlying the convictions, elicited, *inter alia,* the dates the crimes had been committed.

Review of the record discloses that the defendant was not deprived of a fair trial by any of the prosecutor's comments *(see, People v Martin,* 112 AD2d 387; *People v Galloway,* 54 NY2d 396).

We have reviewed the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.