THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD K. JACQUIN, Appellant

The defendant contends that his guilt was not proved because he gave a "plausible explanation" for his erratic driving, slow speech, inability to walk without staggering and stumbling, the odor of an alcoholic beverage on his breath and his refusal to take a breathalyzer test. However, two police officers testified that, in their opinion, defendant was intoxicated and his intoxication is apparent from a videotaped performance test admitted into evidence and viewed by the jury. The jury's assessment of the witnesses' credibility is controlling *(see, People v Bigelow,* 106 AD2d 448, 449-450) and the evidence is more than sufficient to convict the defendant of the offense charged.

The People filed a felony complaint on May 6, 1983. On June 17, 1983, a prosecutor's information was filed. After numerous adjournments, most of them at the request of the defendant or at the direction of the court, the case was marked "Ready for trial". Before the trial began, however, the People advised defense counsel that if the defendant refused to plead guilty to the misdemeanor charge, the case would be presented to the Grand Jury. The defendant refused to plead and he was indicted on December 14, 1983, and charged with the offense at issue here *(People v Jacquin,* 127 Misc 2d 241, 243).

We reject the defendant's claim that the People's actions were vindictive and in retaliation for his insistence on his right to a jury trial, or amounted to prosecutorial misconduct sufficient to warrant dismissal of the indictment in furtherance of justice pursuant to CPL 210.40. The fact that the People carried through on their promise to indict the defendant if he refused to plead guilty to the misdemeanor charge did not violate his constitutional rights since the defendant was fully apprised of his choice during plea negotiations *(People v Jacquin, supra,* p 242; *see, Bordenkircher v Hayes,* 434 US 357, *reh denied* 435 US 918).

The defendant also contends that certain questions posed to him by the prosecutrix improperly elicited evidence, over objection, of his postarrest silence. In actuality, the defendant was not silent but answered in the negative when asked by the police officers if he had any injuries or was taking any

medication. At trial, however, he claimed that an old back injury and three recently broken ribs caused him to stumble and stagger and that he had also taken some unprescribed pills for pain. Since the defendant's negative responses to the police officers were inconsistent with his trial testimony, they were a proper subject of impeachment *(see, People v Wise,* 46 NY2d 321). To the extent that the prosecutrix's cross-examination and summation comments were error in that she implied that the defendant was silent in the face of police questioning, the court's curative instruction that the defendant had no duty to speak and that no inference could be drawn from his silence was sufficient to cure any such error. Further, since the defendant requested no additional instructions, he may not now complain of the insufficiency of those instructions which were given *(see, People v Santiago,* 52 NY2d 865, 866; *People v Dail,* 112 AD2d 442, 443).

Lastly, we affirm the court's denial of the defendant's motion to dismiss the indictment on the ground that he was denied his right to a speedy trial *(see, People v Jacquin,* 127 Misc 2d 241, *supra).* Mangano, J. P., Bracken, Brown and Eiber, JJ., concur. *[See,* 127 Misc 2d 241.]