819 P.2d 1026

**The STATE of Arizona, Appellant,**

v.

**Willie Lee HARDIN, Appellee.**

**No. 2 CA–CR 90–0350.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 30, 1991.

---

Stephen D. Neely, Pima County Atty. by Thomas J. Zawada, Tucson, for appellant.

Susan A. Kettlewell, Pima County Public Defender by Susan A. Kettlewell, Tucson, for appellee.

## OPINION

HOWARD, Judge.

Following a high-speed chase ending with appellee crashing his car into the rear of a police vehicle, appellee was charged with several felony offenses, including felony fleeing and endangerment. The police also gave appellee a citation requiring appellee to appear before the city court for misdemeanor driving under the influence of intoxicating liquor.

On November 25, 1988, a Notice of Supervening Indictment was filed in the Pima County Superior Court, the grand jury having returned a true bill indicting appellee on fleeing from a law enforcement vehicle, two counts of endangerment, two counts of aggravated assault, leaving the scene of an accident involving death or personal injuries, criminal damage, and two felony counts of driving under the influence of intoxicating liquor while license suspended, canceled, revoked or refused, in violation of a restriction, and driving under the influence of an intoxicating liquor. The last two counts were numbered "Two" and "Nine" respectively.

The superior court appointed a public defender to represent appellee and on December 5, 1988, he was arraigned and pled not guilty to all charges. The trial was set for January 4, 1989, and subsequently continued several times at defense counsel's request.

On October 17, 1989, appellee pled guilty to the city court citation for misdemeanor driving while under the influence. He then filed a motion in superior court to dismiss counts Two and Nine on grounds of double jeopardy. The motion was granted by the trial court and this appeal followed.

## EFFECT OF THE SUPERVENING INDICTMENT

■ Because the specification of the offense in the supervening indictment constituted a charge of all offenses necessarily included, see Ariz.R.Crim.P. 13.2(c), 17 A.R.S., the state argues that the indictment ousted the city court of jurisdiction over the misdemeanor driving while under the influence charge. As authority for this argument the state cites 22 C.J.S., Criminal Law § 176. The state either has failed to read or ignores the encyclopedia reference for this proposition, a case from the State of New York, *People v. Jacquin*, 127 Misc.2d 241, 485 N.Y.S.2d 477 (Co.Ct.1985), which relies on McKinney's Criminal Procedure Law § 170.20. This statute specifically provides that the local criminal court loses its jurisdiction when the grand jury returns an indictment.

We have no such statute in Arizona and the indictment in superior court did not oust the city court of its jurisdiction.

## KNOWLEDGE OF THE FELONY INDICTMENT

The state contends appellee waived the defense of double jeopardy by entering a plea in the city court with full knowledge that he had been indicted in the superior court. For this proposition the state relies on two cases, *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) and *United States v. Marcus Schloss & Co. Inc.*, 724 F.Supp. 1123 (S.D.N.Y.1989). We find the facts of these cases to be inapposite to the case sub judice. In *Jeffers*, a grand jury returned two indictments against the defendant, one indictment charging him with conspiracy to distribute heroin and cocaine, and the other indictment charging him with conducting a criminal enterprise. When the government moved to consolidate the indictments, the defendant successfully opposed the consolidation. The defendant was first tried on the conspiracy offense and convicted. He then moved to dismiss the other indictment on double jeopardy grounds. This motion was denied and he was found guilty of the second offense. The United States Supreme Court affirmed the trial court's rejection of the double jeopardy challenge, holding that there was no violation of the double jeopardy clause when the defendant elects to have the two offenses tried separately and persuades the trial court to honor his election.

Here, we do not have two separate charges filed in the same court, but charges filed in different courts. Furthermore, appellee did not make or persuade any court to honor any election as in *Jeffers*.

In *Schloss*, the defendant was investigated and charged civilly by the Federal Security Exchange Commission for various fraudulent acts. He was also aware the government was conducting a grand jury investigation. He entered into a consent judgment in the civil case and immediately paid a fine and penalties. He later argued that the government's recovery in the civil action barred the criminal proceedings. The federal district judge held that "the defendant in an SEC civil proceeding who, with knowledge of a pending criminal inquiry, enters into a consent order explicitly recognizing the absence of any bar to criminal proceedings arising out of the same conduct, cannot subsequently advance that civil disposition, even accompanied by monetary sanctions, as the basis for a claim of double jeopardy." 724 F.Supp. at 1127. Clearly, the facts in *Schloss* differ entirely from the facts here; that case does not stand for the broad proposition urged by the state.

The defendant in a criminal case is entitled to take advantage of any legal avenues open to him. The state can avoid the result in this case by securing the dismissal of the city court charges when it files the supervening indictment.

## THE PARTIES

In *Grady v. Corbin*, 495 U.S. 508, 521, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548, 564 (1990), the Supreme Court held that:

> [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.... The critical inquiry is what conduct the State will prove....

In *Taylor v. Sherrill*, 166 Ariz. 359, 802 P.2d 1058 (App.1990), we rejected the argument that *Grady* and double jeopardy principles are not applicable because the parties in the city court and superior court[1] proceedings are not the same and because the former is being prosecuted by the city attorney whereas the latter is being prosecuted by the county attorney. The state

---

1. *Taylor* contains a misprint at page 363, 802 P.2d at 1062 when it refers to the parties as being "... in the city court and *supreme* court...." (Emphasis added.) The word "supreme" should be "superior."

raises this argument here. As we stated in *Taylor:* "The parties clearly are the same; the state and Taylor are plaintiff and defendant in both. '[T]he state and all its offices must be considered a single entity' in this context." (Citation omitted.) *Id.* at 363, 802 P.2d at 1062.

Affirmed.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.