**STATE of Missouri, Appellant,**

v.

**Charles E. NORRIS, Respondent.**

**No. WD 46351.**

Missouri Court of Appeals,
Western District.

May 4, 1993.

Dwight K. Scroggins, Jr., Pros. Atty., Daniel F. Kellogg, Asst. Pros. Atty., Buchanan County, St. Joseph, for appellant.

Timothy D. Ernst, Dist. Public Defender, St. Joseph, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and KENNEDY, JJ.

LOWENSTEIN, Presiding Judge.

The state appeals a trial court order that sustained the defendant's motion to dismiss a felony information on the grounds of double jeopardy.

On Christmas Eve, 1991, the defendant, Charles E. Norris, struck a parked car on a St. Joseph street with his vehicle. Katherine A. McCollum, an occupant in the parked car, suffered an injury. A police officer at the scene issued to Norris a Uniform Traffic Complaint for an ordinance violation of careless driving "by failure to maintain control [and] striking a parked vehicle." An officer administered an intoxication test on Norris. On January 7, 1992, the blood test returned and showed Norris well over the legal limit of blood alcohol content. On January 8, 1992, the county prosecutor filed a felony complaint based on the December 24th accident. On January 31, 1992, the State issued the information charging Norris with second degree assault because, "[Norris], while under the influence of alcohol, caused physical injury to Katherine A. McCollum by colliding with a vehicle in which the victim was an occupant when operating a motor vehicle with criminal negligence in that the

defendant was careless and imprudent in striking a [parked] car ..." The second degree assault statute, (§ 565.060.1(4), RSMo Supp.1993) reads in part:

"A person commits the crime of assault in the second degree if he: While in an intoxicated condition ..., operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person other than himself ..."

After arraignment on the felony charge, Norris pleaded guilty in municipal court March 11, 1992, to St. Joseph City Ordinance 21–161, which reads:

Any person who drives any vehicle in a manner which would be reasonably calculated to endanger the rights, lives or property of others or which is without due caution and circumspection, or which is at a careless, heedless or dangerous rate of speed shall be guilty of careless driving, and a violation of this code.

Norris received a $30.00 fine plus court costs. When the state sought to continue the felony prosecution, the trial court sustained dismissal of the second degree assault charge based on double jeopardy grounds.

The trial court correctly relied on *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), as the facts in the case at bar are similar. In *Grady,* the defendant Corbin crossed the yellow line and struck a car, killing the driver. *Id.* at 511, 110 S.Ct. at 2087. An officer issued Corbin two traffic tickets, one for driving while intoxicated, and the other for failing to keep to the right. *Id.* Meanwhile, the district attorney began gathering evidence for a criminal homicide prosecution. *Id.* Corbin pleaded guilty to the two tickets and received a minimal fine—the court was unaware of the death. *Id.* at 512–13, 110 S.Ct. at 2088–89. Two months later a grand jury handed down an indictment that charged several felony counts, including vehicular manslaughter and driving while intoxicated. *Id.* at 513, 110 S.Ct. at 2088–89. The State by a bill of particulars chose to rely on the following factors in the felony charges: 1) intoxication, 2) failure to

keep to the right, and 3) going too fast for conditions. *Id.* at 513, 514, 110 S.Ct. at 2088, 2089.

In *Grady,* the Supreme Court stated "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Id.* at 509, 521, 110 S.Ct. at 2086, 2093.

In reaching the conclusion, the Supreme Court held the felony prosecution violated double jeopardy. *Id.* at 508, 110 S.Ct. at 2086. The Court said the traditional *Blockburger* test supplied the first step in the analysis. Under *Blockburger,* one inquires whether each of the offenses have identical elements or is a lesser included offense; and, if so, the inquiry must then cease. *Id.* 495 U.S. at 516, 110 S.Ct. at 2090. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). As our supreme court noted in *State v. Sumlin,* 820 S.W.2d 487, 491–92 (Mo. banc 1991), the *Blockburger* test is apropos to a double jeopardy claim based on multiple punishment for the same conduct under an enhanced punishment scheme established by a legislature. *Grady* further states double jeopardy considerations also arise to protect against multiple prosecutions in situations where the defendant receives an acquittal or a finding of guilt. *Grady,* 495 U.S. at 516, 110 S.Ct. at 2090.

The critical inquiry under the second prong of the *Grady* test, "is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Id.* at 521, 110 S.Ct. at 2093. Other courts have interpreted this language "to prohibit a prosecution that seeks to establish the entirety of an element of the charged offense with proof of already litigated conduct." *Prince v. Lockhart,* 971 F.2d 118, 123 (8th Cir.1992); *see also State v. Patterson,* 826 S.W.2d 863, 867 (Mo.App.1992), where the court said:

The "conduct" referred to in *Grady,* does not encompass the conduct of a defendant in committing a series of separate criminal acts in one episode. The conduct referred to in *Grady* is conduct which has been used to convict a defendant of a separate criminal offense. *Grady,* bars the use of that conduct to establish a second offense resulting from the same criminal act, even though each of the two offenses may, within the meaning of *Blockburger,* require proof of an element the other does not.

Both prosecutions in the case at bar involve the same conduct, the accident of December 24th, when the defendant hit the car with McCollum in it. Although one prosecution was concluded in municipal court while the county prosecutors pursued charges in circuit court, it makes no difference in the application of *Grady* and double jeopardy. *State v. Hardin,* 169 Ariz. 440, 819 P.2d 1026, 1028–29 (Ariz.App.1991). Norris had no duty to refrain from his guilty plea on the traffic ticket or an obligation to advise the municipal court of the assault charge. As the Supreme Court noted, adequate preparation could have prevented the multiple prosecutions and the offenses combined into a single proceeding, thus avoiding the double jeopardy question. *Grady,* 495 U.S. at 524, 110 S.Ct. at 2095.

Variations on the *Grady* theme as contained in *United States v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), which addresses various different offenses committed at different times and places, do not aid the state as appellant here. *McIntyre v. Trickey,* 975 F.2d 437, 441 (8th Cir.1992). The result here is not changed by language in *Grady* which states, the "same conduct test" is not the same as the "transaction test." Double jeopardy considerations do not allow multiple prosecutions of a defendant by consecutive trials for each individual allegation. (For example, in Grady, the first trial was on failure to keep to the right; the second one was for driving while intoxicated, etc.)

The judgment is affirmed.