OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered March 22, 1991 affirmed.
Convicted after a bench trial of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [1]), defendant argues principally on appeal that the People violated his statutory right to a speedy trial (CPL 30.30 [1] [b]). Proper resolution of defendant’s speedy trial claim hinges upon a single disputed time period, that beginning on December 13, 1990, when the court granted defendant’s (third) suppression motion to the extent of ordering a hearing scheduled for January 14, 1991. We agree that the adjournment period was excludable, having been occasioned by defendant’s own motion practice and, as the minutes of December 13, 1990 reveal, expressly consented to by defense counsel (see, People v Brown, 195 AD2d 310, Iv denied 82 NY2d 891). The erroneous view initially expressed by the Calendar Judge who granted the adjournment that the time period involved was includable for speedy trial purposes is not binding upon us (see, People v Berkowitz, 50 NY2d 333, 349), particularly since the same Judge subsequently abandoned that view in properly denying defendant’s CPL 30.30 motion.
Nor is there merit to defendant’s weight and sufficiency of the evidence arguments. The arresting police officer, who had ample opportunity to observe defendant’s condition, testified that upon his arrival at the scene of the vehicular accident he observed defendant exiting "very slowly” from the *593 front driver’s side of one of the cars involved in the accident, and that upon the officer’s approach he observed that defendant’s eyes were bloodshot and detected a "strong odor of alcohol” on defendant’s breath. The officer’s credited testimony, together with defendant’s concession that he had consumed "a couple of drinks”, were sufficient to establish defendant’s impairment and culpability (see, People v Jacquin, 124 AD2d 594, ctffd 71 NY2d 825; People v Monk, 177 AD2d 602, Iv denied 79 NY2d 861). The exculpatory testimony offered by the defendant merely created a credibility question best resolved by the trier of the facts (see, People v Mosley, 112 AD2d 812, affd 67 NY2d 985).
Finally, to the extent preserved for appellate review, defendant’s argument that it was error to admit evidence of his refusal to submit to a breath test is unavailing (see, People v Wassen, 150 Misc 2d 662).
Parness, J. P., Miller and McCooe, JJ., concur.