IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MARCUS DEAN CEASAR, *Petitioner,*

*v.*

THE HONORABLE JENNIFER CAMPBELL, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
YAVAPAI, *Respondent Judge,*

STATE OF ARIZONA, *Real Party in Interest.*

No. 1 CA-SA 14-0167
FILED 10-23-2014

---

Petition for Special Action from the Superior Court in Yavapai County
No. P1300CV201400409
The Honorable Jennifer B. Campbell, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

M. Alex Harris, P.C., Prescott
By M. Alex Harris
*Counsel for Petitioner*

Yavapai County Attorney's Office, Prescott
By Dennis M. McGrane
*Counsel for Real Party in Interest*

## OPINION

Presiding Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Judge John C. Gemmill and Judge Samuel A. Thumma joined.

**W I N T H R O P**, Presiding Judge:

**¶1**        Marcus Dean Ceasar ("Petitioner") has filed a petition for special action, challenging the trial court's ruling granting the State's motion to dismiss a supervening indictment[1] and allowing the State to proceed on the original indictment against Petitioner.  Petitioner maintains the supervening indictment necessarily replaced or voided the first indictment.  For the following reasons, we accept jurisdiction of the special action petition but deny relief, concluding the trial court did not err in granting the State's motion to dismiss the supervening indictment.

## JURISDICTION

**¶2**        Special action jurisdiction is available when there is no other equally plain, speedy, or adequate remedy by appeal.  Ariz. R.P. Spec. Act. 1(a).  As a general rule, a ruling on a challenge to a grand jury's findings of probable cause is not reviewable on direct appeal.  *State v. Moody*, 208 Ariz. 424, 439-40, ¶ 31, 94 P.3d 1119, 1134-35 (2004).  Additionally, special action jurisdiction is appropriately invoked when the issue raised is a purely legal

---

[1]        The word "supervene" means to "follow."  *See* Merriam Webster's Collegiate Dictionary 1183-84 (10th ed. 1993).  In general, the terms "supervening indictment" and "superseding indictment" may be used interchangeably.  *See, e.g., State v. Leenhouts*, 218 Ariz. 346, 349, ¶ 13, 185 P.3d 132, 135 (2008).  A supervening indictment refers to an indictment issued in the absence of a dismissal of the prior charging document.  *See generally United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackmun, J., concurring) ("The term 'superseding indictment' refers to a second indictment issued in the absence of a dismissal of the first."); *see also Segura v. Cunanan*, 219 Ariz. 228, 234, ¶ 22, 196 P.3d 831, 837 (App. 2008) (recognizing that a defendant's right to a preliminary hearing on a prior complaint may be eliminated by a "supervening indictment").  A superseding indictment may be returned at any time before a trial on the merits of an earlier indictment.  *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977).

question, one of first impression, and one of statewide importance. *State v. Bernini*, 230 Ariz. 223, 225, ¶ 5, 282 P.3d 424, 426 (App. 2012); *State v. Brown*, 210 Ariz. 534, 537, ¶ 5, 115 P.3d 128, 131 (App. 2005).

**¶3**　　　　Both parties urge us to exercise our discretion to accept special action jurisdiction to clarify this legal issue of first impression in Arizona.　We agree that special action jurisdiction is appropriate in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶4**　　　　On May 2, 2014, a grand jury issued an indictment charging Petitioner with one count each of burglary in the second degree, trafficking in stolen property in the first degree, and criminal nuisance.

**¶5**　　　　On August 6, 2014, the State sought a supervening indictment on the original three charges and additional charges of misconduct involving a weapon, theft of a firearm, and possession or use of drug paraphernalia.　The grand jury, however, issued an indictment charging Petitioner with only one count of criminal nuisance and returned a "no true bill" vote on all other charges.

**¶6**　　　　The State moved to dismiss the August 6 indictment.　After considering oral arguments, the trial court dismissed that indictment, allowing the State to proceed on the May 2 indictment.　Petitioner then filed this petition for special action, challenging dismissal of the subsequent indictment and, accordingly, the State's power to proceed on the original indictment.

## ANALYSIS

**¶7**　　　　Petitioner argues the August 6 supervening indictment necessarily replaced or voided the May 2 indictment.　We disagree and hold that a supervening indictment does not automatically replace or void the original indictment.

**¶8**　　　　As support for his argument, Petitioner relies on *People v. Jones*, 206 A.D.2d 82 (N.Y. App. Div. 1994).　In *Jones*, the New York Supreme Court's appellate division held in a divided (3-2) opinion that a second grand jury's vote of "no true bill" to a re-presentment of charges contained in an earlier indictment nullified the original indictment. *Id*. at 83, 87.　The *Jones* court, however, relied on an interpretation of a unique New York statutory scheme governing superseding indictments that is not present here. *See id*. at 84-87 (citing N.Y. McKinney's C.P.L. §§ 190.75(3), 200.80,

210.20(1)(h)). Because no such legislative scheme exists in Arizona, we find *Jones* unhelpful. *See State v. Hardin*, 169 Ariz. 440, 441-42, 819 P.2d 1026, 1027-28 (App. 1991) (rejecting the State's reliance on *People v. Jacquin*, 485 N.Y.S.2d 477 (N.Y. Cnty. Ct. 1985), a case relying on a New York statute not present in Arizona).

**¶9** In holding that a superseding indictment does not automatically replace or void an existing indictment, we are guided instead by this court's previous opinion in *Hardin*, as well as by persuasive federal authority. Although we recognize that we are not necessarily bound by federal authority, *see, e.g., Pool v. Superior Court ex rel. Pima Cnty.*, 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984), we nevertheless find such authority helpful in this case. *See generally State v. Coconino Cnty. Superior Court (Mauro)*, 139 Ariz. 422, 678 P.2d 1386 (1984) (recognizing a defendant's citation to persuasive federal authorities); *State v. Mangum*, 214 Ariz. 165, 171-72, ¶ 24, 150 P.3d 252, 258-59 (App. 2007) (recognizing that interpretations of federal statutes by federal courts are persuasive authority when Arizona courts interpret similar state statutes (citing cases)).

**¶10** In *Hardin*, the defendant was involved in a high-speed chase that ended with his vehicle crashing into the rear of a police vehicle. 169 Ariz. at 441, 819 P.2d at 1027. He was charged with several felony offenses, and also received a citation requiring him to appear before the city court on a charge of misdemeanor DUI. *Id*. Before the defendant appeared in city court, however, a grand jury issued a supervening indictment, charging him with nine offenses, including two felony counts of DUI associated with the incident.[2] *Hardin*, 169 Ariz. at 441, 819 P.2d at 1027. Before trial was held in superior court on the charges present in the supervening indictment, the defendant pled guilty in city court to misdemeanor DUI, and then filed a motion in superior court to dismiss the felony DUI counts on grounds of double jeopardy. *Id*. The superior court granted the motion, and the State appealed. *Id*. This court affirmed, reasoning that the supervening indictment in superior court for felony DUI did not automatically oust the city court of jurisdiction to proceed on the previous misdemeanor citation for the same DUI offense. *Id*. at 441-42, 819 P.2d at 1027-28. Concluding the State and city must be considered a single entity

---

[2] "Arizona law allows a prosecuting attorney to proceed with felony charges by way of an indictment, which reflects a grand jury's determination that probable cause exists to believe the defendant has committed the charged offense, or by information." *State v. Gomez*, 212 Ariz. 55, 59-60, ¶ 25, 127 P.3d 873, 877-78 (2006) (citing Ariz. Const. art. 2, § 30; *State v. Bojorquez*, 111 Ariz. 549, 553, 535 P.2d 6, 10 (1975)).

in the context presented, this court explained the State could have avoided the unintended result of having two open cases by securing the dismissal of the city court charges. *Id*. at 442-43, 819 P.2d at 1028-29. Consequently, in *Hardin*, this court treated the supervening indictment as coexisting with, and not necessarily replacing, the previous charges.

¶11 This court's holding in *Hardin* comports with the federal courts' treatment of superseding indictments. As the First Circuit Court of Appeals has noted, "It is clear that the grand jury's return of a superseding indictment does not void the original indictment." *United States v. Vavlitis*, 9 F.3d 206, 209 (1st Cir. 1993) (citing *United States v. Friedman*, 649 F.2d 199, 202 (3d Cir. 1981); *United States v. Holm*, 550 F.2d 568, 569 (9th Cir.), *cert. denied*, 434 U.S. 856 (1977)). Although a defendant may rely on the Double Jeopardy Clause[3] to prevent reprosecution following an acquittal or conviction on a superseding indictment, the defendant "may not rely on the notion that a superseding indictment instantaneously nullifies the original indictment." *Vavlitis*, 9 F.3d at 209 (citing *United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991) (finding "no authority which supports . . . that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air")); *see also United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977) ("As we understand it, there are two pending indictments against the defendants, and the government may select one of them with which to proceed to trial.").

¶12 We agree with the reasoning of the federal appellate courts. An indictment issued by a prior grand jury is not automatically nullified or voided by an indictment issued by a subsequent grand jury. Instead, each indictment will generally remain valid and in effect until one is dismissed, *see* Ariz. R. Crim. P. 16.6, they are consolidated by court order, *see* Ariz. R. Crim. P. 13.3(c), or a jury is impanelled for prosecution as to one, which would invoke the constitutional prohibition on double jeopardy as to the other. *See Vavlitis*, 9 F.3d at 209-10. Both indictments in this case remained

---

3    *See* U.S. Const. amend. V; *see also* Ariz. Const. art. 2, § 10. This court ordinarily interprets our state's constitutional prohibition against double jeopardy in conformity with federal interpretations of the same clause in the federal constitution. *See State v. Eagle*, 196 Ariz. 188, 190, ¶ 5, 994 P.2d 395, 397 (2000) (recognizing that "the two clauses have been held to grant the same protection to criminal defendants" (citations omitted)); *but see Pool*, 139 Ariz. at 108-09, 677 P.2d at 271-72 (recognizing the general rule but declining to rely on the federal interpretation in light of a mistrial caused by intentional prosecutorial misconduct resulting in prejudice to the defendant).

valid until the trial court granted the State's motion to dismiss the supervening indictment.  *See id*. at 209.

**¶13**　　　　Further, the record contains no evidence of prosecutorial vindictiveness or other impropriety on the part of the State, *see generally Herbst*, 565 F.2d at 643, and nothing indicates Petitioner has been denied a substantial procedural right.  *See* Ariz. R. Crim. P. 12.9(a).  Under the circumstances presented here, we find no error in the trial court's ruling granting the State's motion to dismiss the second indictment and allowing the State to proceed on the first indictment.

## CONCLUSION

**¶14**　　　　For the above stated reasons, we conclude the trial court did not err in granting the State's motion to dismiss the supervening indictment and allowing the State to proceed on the original indictment against Petitioner.  We therefore accept jurisdiction of the special action petition, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh