IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

JIMMY WILBON, *Respondent*,

No. 1 CA-SA 25-0370

FILED 02-13-2026

Appeal from the Superior Court in Maricopa County
No. CR2024-149379-001
The Honorable Stasy D. Avelar, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jordan A. Smith
*Counsel for Petitioner*

Maricopa County Public Defender's Office, Phoenix
By Catherine R. Bradshaw, Zachary Stern
*Counsel for Respondent*

**OPINION**

Judge Andrew M. Jacobs delivered the opinion of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

**J A C O B S**, Judge:

¶1        The State asks us to exercise our discretionary special action jurisdiction to review the superior court's denial of its motion to dismiss criminal charges against Jimmy Wilbon ("Wilbon") under Arizona Rule of Criminal Procedure ("Rule") 16.4(a).  Here, the State sought to dismiss its first indictment of Wilbon as trial on that indictment approached, while indicting Wilbon a second time on overlapping charges.  Neither Wilbon nor the court contends that the State could not have brought the second indictment in the first place.  Despite that, the court denied the State's motion to dismiss the first indictment, which the State filed so it could proceed to trial against Wilbon under the second indictment.  The court reasoned that because the anti-marital fact privilege was available to Wilbon in a trial founded on the first indictment, but would likely not be available to him in a trial founded on the second indictment, the State's motion to dismiss the first indictment "was not made in good faith."  From that, the court concluded that the State lacked good cause to dismiss the first indictment under Rule 16.4.

¶2        We exercise our discretionary special action jurisdiction because the State's petition presents novel issues of statewide importance, including the construction of "good cause" under Rule 16.4, and questions that will become moot before an appeal.  Ariz. R.P. Spec. Act. 12(b)(4), (5).  The petition also presents a question relating to the assertion of an evidentiary privilege.  *See* Ariz. R.P. Spec. Act. 12(b)(2).  We grant relief and reverse the order denying the State's motion to dismiss the first indictment because the court erred in finding the State lacked good cause to dismiss it.

## FACTS AND PROCEDURAL HISTORY

### A.        Wilbon Is Indicted for Two Counts of Misconduct Involving Weapons and the Parties' Attempts at Settlement Are Unsuccessful.

¶3        In October 2024, Wilbon was arrested for misconduct involving weapons, unlawful flight, and assault resulting in injury.  The probable cause statement alleged Wilbon – who is a prohibited possessor of firearms – picked up a rifle and a handgun, pushed his wife into a wall, and left the scene in a car, failing to stop for police officers who arrived in the area.  The State obtained an indictment for two counts of misconduct involving weapons but declined to charge Wilbon with unlawful flight and assault.

¶4          Trial on the first indictment was originally set for May 8, 2025, with a Rule 8 speedy trial deadline of June 8, 2025. *See* Ariz. R. Crim. P. 8.2. The court conducted a settlement conference in March 2025, but the case did not settle. After that, Wilbon waived time, meaning he consented to several continuances between May and October, anticipating further settlement discussions, but the parties did not come to an agreement.

**B.          The State Indicts Wilbon a Second Time, After Which the Court Grants Wilbon's Motion in His First Case to Preclude His Wife as a Witness Under A.R.S. § 13-4062.**

¶5          On October 9, 2025, the State indicted Wilbon a second time. The second indictment charged Wilbon with two counts of misconduct involving weapons and one count of threatening or intimidating and one count of assault, all stemming from the same October 2024 incident. Wilbon's wife was named as a victim in the two additional counts.

¶6          On October 15, 2025, Wilbon moved in this matter (the case arising from the first indictment) to preclude his wife as a witness based on the anti-marital fact privilege. *See* A.R.S. § 13-4062. The State responded, informing the court it only intended to move forward on the second indictment and arguing Wilbon's wife would not be precluded from testifying in that matter because she was a victim of the additional two counts, and the original two counts of misconduct involving weapons arose from the same "unitary event." *See Phoenix City Prosecutor v. Lowery*, 245 Ariz. 424, 428 ¶¶ 17-18 (2018). The superior court granted Wilbon's motion to preclude his wife as a witness in the first criminal case.

**C.          The Superior Court Denies the State's Motion to Dismiss.**

¶7          Shortly after filing its response to Wilbon's motion to preclude, the State moved to dismiss the charges against Wilbon in the first criminal case under Rule 16.4(a), stating that the second indictment "encompasse[d] all of the charges in this cause number" and that its motion was "not for the purpose of avoiding Rule 8," as Rule 16.4 requires.

¶8          The superior court denied the State's motion to dismiss, reasoning that it "*was not made in good faith*, and was clearly done in an attempt to evade the application of A.R.S. [§] 13-4062," the anti-marital fact privilege. (Emphasis added). Trial was set for December 15, 2025, and the superior court denied the State's motion to continue at the December 1, 2025 trial assignment hearing. The State then filed its petition for special action and motion to stay trial pending resolution of the special action on December 11, 2025. We granted the State's motion to stay that same day.

## DISCUSSION

### I. We Exercise Our Discretionary Special Action Jurisdiction Over the State's Petition.

¶9            Special action jurisdiction is appropriate here because the petition presents issues of statewide importance and questions that will become moot before an appeal:  whether the State had good cause under Rule 16.4 to dismiss the first indictment, or whether instead the court properly ruled that it proceeded in bad faith.  Ariz. R.P. Spec. Act. 12(b)(4), (5).  The petition also asks us to resolve a legal question concerning an evidentiary privilege: whether protecting Wilbon's assertion of the anti-marital privilege in his first criminal case justifies denying the State's request to dismiss it, to keep the State from proceeding under a later-obtained indictment.  Ariz. R.P. Spec. Act. 12(b)(2).  Both are questions of first impression.  Ariz. R.P. Spec. Act. 12(b)(3).

### II. The Court Erred By Denying the State's Motion to Dismiss the First Criminal Case Against Wilbon.

¶10            Rule 16.4(a) allows the court to dismiss pending charges against a defendant upon the State's motion, so long as the motion is supported by good cause and not made for the purpose of avoiding Rule 8 speedy trial time limits.  Ariz. R. Crim. P. 16.4(a).  As a general matter, the superior court has broad discretion in finding good cause.  *See Ugalde v. Burke*, 204 Ariz. 455, 458 ¶ 10 (App. 2003) ("Whether the facts of a particular case establish 'good cause' is a matter left to the sound discretion of the trial court.").  In other contexts, our supreme court has defined good cause as "a substantial reason, that is, one that affords a legal excuse." *State v. Churchill*, 82 Ariz. 375, 380 (1957).

¶11            "We review for abuse of discretion a trial court's ruling on a motion to dismiss criminal charges, but questions of statutory interpretation and constitutional law are reviewed de novo."  *State v. Mangum*, 214 Ariz. 165, 167 ¶ 6 (App. 2007).  We likewise review the interpretation of rules de novo. *Kelly v. Blanchard*, 255 Ariz. 197, 200 ¶ 11 (App. 2023).  The superior court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Tilley v. Delci*, 220 Ariz. 233, 238 ¶ 16 (App. 2009).  A legal error is necessarily an abuse of discretion. *Voice of Surprise v. Hall*, 255 Ariz. 510, 513 ¶ 11 (2023).

¶12            The State argues the court erred in its construction and application of Rule 16.4, which it contends leaves the court no discretion to

decide whether to dismiss a case. The State also advances constitutional arguments for its prerogatives here. Wilbon argues the court has discretion under Rule 16.4 to decide whether to dismiss in the first place. But we need not answer the broader questions the parties put to us. As we next explain, we agree with the State that the court incorrectly applied Rule 16.4 here by finding bad faith in the State's pursuit of an indictment that no one finds objectionable on its own terms.

¶13 The court based its denial of the State's motion to dismiss on its finding that the motion "was not made in good faith, and was clearly done in an attempt to evade the application of A.R.S. [§] 13-4062." The State concedes it moved to dismiss so it could proceed under the second indictment because Wilbon's wife could be a witness in that case, which it contends was good cause. But the State argues that is the kind of thing it commonly and properly does: "It is not uncommon at all for the State to charge cases in a way that will ensure the admissibility of evidence and the testimony of witnesses, and that practice is by no means inappropriate." We agree, for two reasons.

¶14 *First*, the double jeopardy clause bars the State from proceeding to trial under both indictments. *Ceasar v. Campbell*, 236 Ariz. 142, 145 ¶ 12 (App. 2014) ("An indictment issued by a prior grand jury is not automatically nullified or voided by an indictment issued by a subsequent grand jury. Instead, each indictment will generally remain valid and in effect until one is dismissed, they are consolidated by court order, or a jury is impanelled for prosecution as to one, which would invoke the constitutional prohibition on double jeopardy as to the other.") (internal citations omitted). So the State has to pick one indictment under which to proceed, and has not only good cause, but constitutionally grounded cause, to do so.

¶15 *Second*, the State asserts, and Wilbon does not meaningfully dispute, that the State properly obtained the second indictment. *See State v. Superior Court In & For Pima Cnty.*, 137 Ariz. 534, 536 (App. 1983) ("A superseding indictment may be returned any time before trial."). And while case law on this specific issue is sparse, what we have on the books favors the State. Where "there are two pending indictments . . . the government may select one of them with which to proceed to trial." *Ceasar*, 236 Ariz. at 146 ¶ 11 (quoting *United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977)). This understanding is consistent with the common law history of prosecutorial powers. *See State v. Larson*, 159 Ariz. 14, 16 (App. 1988) ("[Prosecutors have] broad discretion in the enforcement of criminal laws and in deciding what charges, if any, will be filed against a defendant.

That function carries with it the discretion to proceed or not to proceed once an action has been commenced unless the legislature has restricted that authority.") (citation omitted).  This is good cause under *Churchill* because it "affords a legal excuse."  82 Ariz. at 380.

**¶16**　　　　As a result, the court abused its discretion by finding the State lacked good cause to dismiss the first indictment and move forward on the second indictment, which was in no respect improper.  The superior court's preference that Wilbon be tried under an indictment that it believes would preserve the anti-marital fact privilege does not make the State's motion improper, nor deny it good cause to support its motion to dismiss.  Neither Wilbon nor the superior court cited any authority to suggest that Wilbon is entitled to be charged only in a way that causes his trial to be conducted with the anti-marital fact privilege available to him.  Nor are we aware of any such authority.  As such, equating the second indictment with bad faith is "manifestly unreasonable, or [the exercise of discretion] on untenable grounds, or for untenable reasons."  *Tilley*, 220 Ariz. at 238 ¶ 16.  It is also a legal error, which is perforce an abuse of discretion.  *Voice of Surprise*, 255 Ariz. at 513 ¶ 11.

**¶17**　　　　Given our resolution of this matter by applying Rule 16.4, we need not reach the parties' constitutional arguments.  *State v. Rios*, 225 Ariz. 292, 296 ¶ 12 (App. 2010) ("To the extent possible, we avoid deciding constitutional issues if the case can be resolved on non-constitutional grounds."); *J.V. v. Blair*, 256 Ariz. 247, 253 ¶ 32 (App. 2023) (Jacobs, J., concurring) (declining to reach claimed constitutional issue where plain language of statute resolved issue presented by petition for special action).

## CONCLUSION

**¶18**　　　　For these reasons, we accept jurisdiction and grant relief, and reverse the superior court's order denying the State's motion to dismiss.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR